MURRAY REALTY COMPANY, Respondent, *v.* REGAL SHOE COMPANY, Appellant.

(Argued October 24, 1934; decided November 20, 1934.)

*Edward Schoeneck* for appellant.

*Henry R. Follett* for respondent.

POUND, Ch. J. Plaintiff leased real property to Truly Warner, Inc., which assigned the lease to Truly Warner Co., Inc. A portion of the premises has been sublet by the first lessee to defendant-appellant. The assignee-lessee of the lease on July 16, 1933, and during the term of the lease, was adjudicated a voluntary bankrupt. This action is for rent for the months of August–November prior to the disaffirmance of the lease by the receiver and trustee in bankruptcy. The lease contains certain covenants by the lessee as part consideration for the letting. After them follows these words: " that an adjudication that the lessee is bankrupt shall *ipso facto*

end and terminate this lease, and any rights thereunder."
The lease contains a further provision which reads as
follows: " The lessor at its option may rescind and
terminate this agreement upon * * * the breach
of any of its conditions, or any of the covenants or agree-
ments of said lessee."

The Special Term held that a conditional limitation was
created by the bankruptcy clause above cited and that
the bankruptcy *ipso facto, i. e.,* by the mere fact itself,
terminated the lease.

The Appellate Division held that the clause meant only
that an adjudication that the lessee is bankrupt shall of
itself be sufficient cause for the lessor to exercise an
option to terminate the lease; that the lessee could not
take advantage of the clause to terminate the lease.

The question of proper construction is not free from
doubt. L. HAND, Circuit Judge, in *Matter of Outfitters'
Operating Realty Co.* (69 Fed. Rep. [2d] 90, 91), in dis-
cussing the words of a lease which provided: " it is
agreed as a further condition of this lease that the filing
of any petition in bankruptcy * * * by * * *
the Lessee shall be deemed to constitute a breach of this
lease, and thereupon, *ipso facto,* * * * this lease
shall become and be terminated," says, " the mere filing
of a petition in bankruptcy puts an end to the lease; not
at the lessor's option, but unconditionally."

In *Schneider* v. *Springmann* (25 Fed. Rep. [2d] 255, 256)
one paragraph of the lease says: " Should the lessee become
bankrupt * * * this lease shall become immediately
forfeited." It also says: " this lease *at the option of the
lessor,* shall be void in case of any violation of any agree-
ment or covenant herein contained." The lessee con-
tended that because he had become bankrupt the lease
was ended. The court held that the words " shall
become immediately forfeited " means that it was forfeited
only at the election of the lessor, and cited authorities to
the effect that such conditions are dominately for the

benefit of the landlord. The reasoning of this case concludes with these words: " Whatever might be thought of involuntary bankruptcy or liquidation, it is clear that a voluntary bankruptcy would satisfy this condition and that such bankruptcy would be at the wish of the lessee. It cannot be assumed that the lessor would have acquiesced in the acquiring by the lessee of a right by which the lessee could, at his own election, defeat all further obligations."

Cogent as such reasoning may be, bankruptcy of the tenant may be made a special limitation upon the term of a lease. The question must be determined by the language of the lease. As LEHMAN, J., said in *Janes* v. *Paddell* (67 Misc. Rep. 420, 422): " It cannot be disputed that the parties have a right to provide either that the lease shall terminate at the happening of an event or that the event shall give the landlord the option of terminating it. The intent of the parties can be determined only from the language of the lease."

It is easy for the draughtsman of a lease to provide that an adjudication in voluntary bankruptcy shall terminate the lease only if the landlord shall so elect. That is not the language of the lease before us. By a process of judicial construction plain words — " *ipso facto* end and terminate " — are made to read as if they were a lessor's covenant merely. We are constrained to accept the construction of the trial justice and say that the clause under consideration is a conditional limitation by reason of which the lease expired upon an adjudication that the lessee is bankrupt. Bankruptcy constitues a breach of the lease. It thereupon ends and terminates, *ipso facto*.

The judgment of the Appellate Division should be reversed and that of Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN and HUBBS, JJ., concur; CRANE, CROUCH and LOUGHRAN, JJ., dissent.

Judgment accordingly.