Per Curiam.

This case is distinguishable from First Nat. Stores v. Yellowstone Shopping Center (21 N Y 2d 630). While the Yellowstone lease provided that landlord could, after the expiration of 10 days after notice to cure default, serve a notice declaring the term ended, the lease in this case provides that landlord may, after the expiration of five days after notice to cure default, “ serve a written three (3) days’ notice of cancellation of this lease upon tenant, and upon the expiration of said three (3) days, this lease and the term thereunder shall end ”.
Thus, while the Yellowstone lease was terminated in accordance with its terms at the moment when landlord served its notice and could not thereafter be revived by the court, here the lease could be terminated in accordance with its terms only upon the expiration of a proper three days’ notice of cancellation given to the tenant.
Landlord sent such three days ’ notice of cancellation by certified mail on Friday, October 24,1969, evidently allowing one day for mailing in fixing October 28,1969 therein as the date of termination. However, it was not delivered to tenant until Monday, October 27, 1969, thereby making the close of October 30, 1969 the effective time of termination. Prior to that time, i.e., in the morning of October 30, 1969, tenant cured the default. There was, then, no existing basis for cancellation at the effective time the lease could be declared terminated in accordance with its terms.
This conclusion is a reasonable and practical interpretation under the circumstances of this case of the provision for a written three days ’ notice of cancellation following a five days ’ notice of default, giving tenant a last chance to cure the default or suffer accelerated termination of the lease, and is also consistent with the negotiations concerning the manner of curing the default, which tenant was conducting with landlord right up to the very end while landlord’s attorneys were sending the notices on her behalf.
*623 Moreover, since the notice declared cancellation on a date less than three days after receipt of the notice, it was ineffective to operate as a cancellation (98 Delancey St. Corp. v. Barocas, 82 N. Y. S. 2d 802, affd. 275 App. Div. 651).
The final judgment should be reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition with costs.
Concur — Lupiano, J. P., Steeit and Gold, J'J.
Pinal judgment reversed, etc.