Per Curiam.

These are three holdover summary proceedings involving controlled premises, consolidated for trial. The ground for eviction in each case is based on subdivision a of section 52 of the Rent, Eviction and Rehabiltation Regulations, which authorizes the maintenance of a holdover summary proceeding where the ‘ ‘ tenant is violating a substantial obligation •of his tenancy * * * and has failed to cure such violation after written notice by the landlord that the violation cease within 10 days ”.
Upon such failure to cure, section 53 requires as a further basis for removal or eviction a one month’s notice in these particular cases.
The petition alleges the allegations of subdivision a of section 52, to which are annexed the notices to cure and the notices terminating the tenancy. The first notice was mailed September 15,1972, and the termination notice, effective October 31, 1972, was served by substituted or conspicuous service on September 27, 1972.
After trial the court granted final judgment to landlord against the occupants, on the basis that the occupants were squatters.
The occupants’ arguments on appeal go to the weight of the evidence and landlord’s waiver of violations by occupants, if any.
The dissent disagrees with the final judgments on jurisdictional grounds which warrant reversal thereof.
The record shows that the notices to cure under subdivision a of section 52 of the regulations were served by mail on September 15, 1972. That on September 27, 1972, the notices of termination effective October 31, 1972 were served by either substituted or conspicuous service.
At the time these notices with proofs of service were offered in evidence, the occupants offered no objection to their receipt in evidence except as to their legal effect.
The argument that the service by mail of the 10 days’ notice to cure carries with it an additional 3 days to comply therewith pursuant to CPLR 2103 (subd. [b], par. 2) and hence the service of the termination notice on September 27, 1972 was premature, is not supported by the latest authorities. That subsection applies to service of1 intermediary papers on adverse parties or attorneys once a legal action has been duly commenced by *549 service of process (Cosmopolitan Mut. Ins. Co. v. Moliere, 31 A D 2d 924 [1st Dept.]). Section 110 of the Rent and Eviction Regulations provides for service of notices personally or by mail and no reference is made in the regulations of a three-day extension because of mail service.
Sections 52 and 53 of the regulations provide the time table for notices thereunder. In view of the explicit provisions of the regulations governing notices pertaining to the curing of violations and evictions for failure to comply therewith, the' 11 three-day rule ” in the CPLR has no application (cf. Moses v. Bullard Orchards, 31 A D 2d 772).
That the trial court decided this case on a ground other than as pleaded and proven, to wit, the violation of a substantial obligation of the tenancy, is not fatal.
This court can make the determination that should have been done below. Further, CPLR 3017 (subd. [a]) empowers the court to grant any type of relief within its jurisdiction appropriate to the proof, whether or not demanded.
The final judgments should be affirmed on the ground that the tenants violated a substantial obligation of their tenancy in subletting their premises contrary to lease provisions.
Final judgments affirmed, with $25 costs.