OPINION OF THE COURT
Bernard Fuchs, J.
Petitioners in this holdover summary proceeding seek to recover possession of the premises from respondents, Howr ard Stores Corporation, the lessee and alleged successive sublessees.
Under paragraph “7” of the lease, captioned “Conditional Limitation and Re-entry”, landlord may terminate the lease for nonpayment of rent by giving the tenant five days’ written notice. The pertinent language of the paragraph is as follows: “7. If any of the yearly fixed rent herein reserved, or any of the other charges or expenses, herein designated as ‘additional rent’ shall not be paid as and when the same shall become due and payable * * * the landlord shall have the right to terminate and end this lease * * * by giving the tenant * * * five (5) days’ written notice * * * and, it is agreed that upon the expiration of the time fixed in such notice, if the said non-payment, default, or other cause of termination specified in such *592 notice shall not have been made good, or removed, this lease * * * shall, at the option of the landlord, wholly cease and expire in the same manner, and with the same force and effect (except as to the Tenant’s liability), as if the expiration of time in such notice were the end of the term herein originally demised.”
On April 7, 1978 the landlord served notice of default in the payment of rent and “additional rent” on respondent Howard Stores Corporation by certified mail return receipt requested. After setting forth the claimed default, the notice continued: “Pursuant to the terms of the lease said default must be cured and payment in full received by landlord within five (5) days from the date of this letter, or the term of the lease shall wholly cease and expire and you shall be required to vacate the premises.”
At trial respondents moved to dismiss the petition on several grounds, only one of which need be considered. Respondents argue that paragraph “7” of the lease states a condition subsequent on the tenant’s estate rather than a conditional limitation thereof, consequently precluding petitioners from resort to summary proceedings.
For breach of a condition subsequent a landlord’s right to re-enter is enforceable only by the remedy of ejectment because no státute provides a summary proceeding for such a breach. A conditional limitation, on the other hand, terminates the lease as effectively as does its expiration. The landlord may then bring a summary holdover proceeding under subdivision 1 of section 711 of the Real Property Actions and Proceedings Law. (See 2 Rasch, New York Landlord & Tenant, Summary Proceedings [2d ed], § 747.)
A classic example of the conditional limitation is a provision that a tenant’s adjudication in bankruptcy shall ipso facto terminate the lease. (See Murray Realty Co. v Regal Shoe Co., 265 NY 332; Rasch, op. cit., §748.) A conditional limitation may equally arise from tenant’s failure after notice by the landlord to cure the default specified in the notice within the notice period. (See Rasch, op. cit., §§ 749, 751.) But the language embodying such a limitation “should not provide that if such contingency [failure to cure] occur, that then the lease shall end only if *593 the landlord shall elect to terminate it. In this latter event, the clause is a condition subsequent, and not a conditional limitation.” (Rasch, op. cit., § 749.) Here is the very rock on which petitioners’ ship of limitation has foundered.
Under paragraph “7” of the lease, quoted above, the five-day notice period may pass with tenant’s default still uncured and yet the lease will not expire except “at the option of the landlord”. Such a provision and its effect are described as follows in Rasch (op. cit., § 753.) “If a clause provides that a lease shall terminate upon the occurrence of an event, only at the option of the landlord, then the clause is a condition. The lease must of necessity continue until the exercise of the landlord’s option to forfeit the lease, and there is only one way in which such election can be exercised. That is by actual re-entry.”
A lease provision virtually identical to the one before this court was held in Brause v 2968 Third Ave. (41 Misc 2d 348, affd 43 Misc 2d 691) to be a condition subsequent. On review the Appellate Term seems to have ruled that the provision was a conditional limitation rather than a condition. But the appellate ruling, which appears to be all but extrajudicial, provides no reasoning and relies on two decisions, neither of which involved a landlord’s option to terminate after occurrence of the contingency leading to termination. In one of the cases, Burnee Corp. v Uneeda Pure Orange Drink Co. (132 Misc 435) the landlord could choose to erect a new building and thereupon cancel the lease on 60 days’ written notice to the tenant. There was no further option after the 60 days. The other case, Ehret Holding Corp. v Anderson Galleries (138 Misc 722) involved a lease granting the landlord an option to terminate on 30 days’ notice for the tenant’s default if not cured during the notice period. The only remaining landlord’s option was to choose between repossession or reletting for the tenant’s account. There was no further option to keep the lease in force as in Brause and the present case.
It may also be observed that the notice of termination does not provide the five days’ notice required by paragraph “7” of the lease. The notice states that the five days runs “from the date of this letter”. A written notice is given when delivered unless the lease specifies a different time *594 as the present lease does not. The certified mail receipt attached to the copy of the notice in evidence shows delivery two days after the “date of this letter” thereby reducing the notice period to three days. Such a notice is ineffective to terminate the lease. (Lewis v Clothes Shack, 67 Misc 2d 621.)
Petition dismissed.