In re HORN & HARDART BAKING COMPANY, Debtor.

1535 CHESTNUT CORPORATION and Albert M. Greenfield & Co., Inc. as Agent for 1535 Chestnut Corporation and Albert M. Greenfield & Co., Inc., Plaintiffs,

v.

HORN & HARDART BAKING COMPANY, Defendant.

Bankruptcy No. 81–03552K.
Adv. No. 82–0108K.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 27, 1982.

Michael Temin, Philadelphia, Pa., for debtor/defendant.

David Hope, Philadelphia, Pa., for plaintiff.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint for relief from the automatic stay. The plaintiff is the lessor of real estate known as 1535 Chestnut Street, Philadelphia. The tenant and debtor-in-possession in the chapter 11 case is alleged to be in default of his obligation to the plaintiff. The complaint seeks relief under several theories. The Court will not grant the requested relief. The debtor, however, will be ordered to assume or reject the lease within a reasonable period of time.[1]

Horn & Hardart filed a chapter 11 voluntary petition on September 3, 1981. At that time, there is no question that the debtor

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

was in default of its obligations on the lease. The lessor had given notice of default to the debtor on August 10, 1981. The lease provided that the lessor must give ten (10) days notice of default before taking further action. The lessor, however, confessed judgment against Horn & Hardart in the Court of Common Pleas on the ninth day.

Failure to give the contractual notice is fatal to the lessor's contention that the lease terminated prior to the order for relief. It is true, as plaintiff asserts, that a terminated lease cannot be revived in bankruptcy. *In re Victory Pipe Craftsmen, Inc.,* 8 B.R. 635 (Bkrtcy.N.D.Ill.1981). In this case, however, the lease provides a set procedure for termination which was not followed by the landlord. Plaintiff argues that notice was given on August 7th, when it was mailed. The ten (10) days, therefore, commenced upon mailing. Such is not the case. Notice must serve to make the recipient aware of the action against him.[2] Notice is given when received by the party. *Grabino v. Howard Stores Corporation,* 110 Misc.2d 591, 442 N.Y.S.2d 713 (1981); *Lewis v. Clothes Shack, Inc.,* 67 Misc.2d 621, 322 N.Y.S.2d 738 (1971); *Hotel Hay Corporation v. Milner Hotels, Inc.,* 255 Wis. 482, 39 N.W.2d 363 (1949). The attempted termination was, therefore, ineffective.

There is no question that this leasehold is a valuable asset of the estate. The Court will not permit a forfeiture whereby the debtor would lose a valuable property interest and, at the same time, grant a creditor a windfall. *In the Matter of Miami Dyeing and Printing, Inc.,* 14 B.R. 947 (Bkrtcy.S.D.Fla.1981). The Court will not order the debtor to surrender possession.

The plaintiff alleges that 'cause' for relief from the stay exists because of the poor maintenance of the premises in violation of the lease. Testimony at the trial on February 17, 1982 showed that the debtor had taken steps to correct these problems. Several defaults still exist, including a missing sink in the downstairs bathroom and damage to some steps. The debtor will have to cure such defects in order to assume the lease. 11 U.S.C. § 365(b).

The plaintiff also alleges that its interest in the property is not adequately protected. The debtor has admittedly failed to pay certain taxes as required by the lease. This default will also have to be cured if the debtor is to assume the lease. 11 U.S.C. § 365(b).

The Court will not grant relief from the automatic stay under § 362 of the Code in this case. Instead, the Court will order the debtor to assume or reject the lease within a definite period of time. 11 U.S.C. § 365(d)(2). Force of statute will compel the debtor to cure the defaults if the lease is assumed. Current payments are being made to the lessor. The Court finds that sixty (60) days will be a reasonable time for the debtor to assume the lease.

The plaintiff has asserted that such a remedy is insufficient. The Court, however, finds this argument unpersuasive. The authority upon which the plaintiff relies are all cases where the lease had terminated prior to bankruptcy[3] or cases where the proceeding in Bankruptcy Court was a liquidation, rather than a reorganization,[4] as in this case.

---

2. In different contexts, several other courts have held that a mailed notice must be delivered in order to commence the running of the notice period. *See, e.g., Ferrenbach v. Mutual Reserve Fund Life Ass'n.,* 121 F. 945 (8th Cir. 1903); *Georgia Casualty Co. v. McClure,* 239 S.W. 644 (Tex.Civ.App.1922); *Johnson v. Barreiro,* 59 Cal.App.2d 213, 138 P.2d 746 (1943).

3. *See, e.g., In re Trigg,* 630 F.2d 1370 (10th Cir. 1980).

4. *See, e.g., Lindeke v. Associates Realty Co.,* 146 F. 630 (8th Cir. 1906).