OPINION OF THE COURT
Charles G. Heine, J.
Respondent’s motion for an order, pursuant to CPLR 3211, to dismiss the notice of petition and petition is denied.
Petitioner and respondent entered into a lease pursuant to section 8 of the United States Housing Act of 1937 (42 USC *313 § 1437f). Once the tenant is accepted in a section 8 program, the tenant leases an assisted unit, paying the project owner "tenant rent”, which is set at an amount between 15% and 25% of the tenant’s income. The local administrator of the Federal housing assistance program, herein Town of Hemp-stead, Section 8, H.A. Div., enters into a housing assistance payment (HAP) contract with the landlord whereby the balance of the total rent is paid to the landlord, on behalf of the tenant. (24 CFR 880.101 [b], [c].)
On March 29, 1984, the Department of Housing and Urban Development (HUD) published a new rule which provided that the term of a lease is no longer for a fixed period. The lease and HAP contract is automatically renewed upon the expiration date. (49 Fed Reg 12215, at 12232 [Mar. 29, 1984].) The rule promulgated in 49 Federal Register 12215 has been codified in 24 CFR 882.215. The Code of Federal Regulations provides that section 882.215 does not apply to a lease or HAP contract entered after May 10, 1984, the date the rule went into effect. (24 CFR 882.215 [g].) If the HAP contract and lease were entered before that date, the term of the HAP contract and lease expire on the date stated in the HAP contract. When the fixed term in the lease ends, the assisted tenancy may be continued only by entering a new HAP contract and lease under the new rule. (49 Fed Reg 12215, at 12236.)
In the instant case, the HAP contract and the lease were entered in January of 1987. The addendum to the lease provides in paragraph (c) that the term of the lease shall begin on January 1, 1987, and shall continue indefinitely until (1) a termination of the lease by the landlord in accordance with paragraph (H) of this section, (2) a termination of the lease by the tenant in accordance with the lease or by mutual agreement during the term of the lease, or (3) a termination of the contract by Public Housing Authority (PHA). The landlord can terminate the lease, pursuant to paragraph (H) (1) for
"(i) serious or repeated violation of the terms and conditions of the lease; or
"(ii) violation of Federal, State, or local law which imposes obligations on a tenant in connection with the occupancy or use of the dwelling unit and surrounding premises; or
"(iii) other good cause”.
Subdivision (3) of paragraph (H) provides that the landlord may evict the tenant from the unit only by instituting a court action.
*314 In the instant case, respondent’s motion to dismiss the petition, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action is denied. Petitioner terminated the lease, pursuant to paragraph (H) (1) (iii), after giving a one-month notice to terminate to respondent. Tenant respondent remained in possession of the premises and petitioner commenced the holdover proceeding. The basis for the termination, as alleged in the petition, is that the tenant has repeatedly violated the lease by disturbing the neighbors, destroying the premises through substandard living conditions, and by permitting nonfamily outsiders to reside in the premises. Subdivision (2) of paragraph (H) of the lease only lists examples of "other good cause” for terminating the lease. 24 CFR 882.215 (c) also lists examples of "other good cause,” and states that the list "shall in no way be construed as a limitation on the application of "other good cause” to situations not included in the list. (24 CFR 882.215 [c] [2].) Accordingly, it appears that whether or not the allegations made in the petition constitute "other good cause” is a question of fact to be resolved, on a case-by-case basis, by the trier of fact at the trial.
Respondent’s motion to dismiss the petition, pursuant to CPLR 3211 (a) (2), for the court’s lack of subject matter jurisdiction is denied. Respondent contends that petitioner cannot maintain a holdover proceeding because the termination clause in the addendum to the lease is a condition, and not a conditional limitation.
The courts have distinguished between a condition and a conditional limitation thereby providing different remedies available to a landlord for regaining possession pursuant to each. Upon the breach of a condition, a landlord may have the right to enforce the forfeiture of a lease held- by reentry, which as a general rule means ejectment. However, if the lease expires because of a conditional limitation, a holdover proceeding may be maintained if the tenant remains in possession of the premises. (Fowler Ct. Tenants v Young, 463 NYS2d 686 [NY City Civ Ct 1983].)
In order to maintain a holdover proceeding pursuant to RPAPL 711 (1) against a tenant, the tenant must be holding over "after the expiration of his term”. It is well settled that the term must have expired by lapse of time, and not by forfeiture on breach of a condition. (Perotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [4th Dept 1983]; 2 Rasch, New. York Landlord & Tenant — Summary Proceedings
*315 § 1006, at 453 [2d ed].) All conditions are either precedent or subsequent. A condition in a lease is usually subsequent. "A condition precedent is a condition which must happen or be performed before an estate can vest or be enlarged; whereas a condition subsequent is a condition by failure as nonperformance of which an estate already vested may be defeated.” (2 Rasch, New York Landlord & Tenant — Summary Proceedings § 730, at 183 [2d ed].) If a clause in the lease provides that the lease shall terminate upon the occurrence of an event, only at the option of the landlord, then the lease is a condition subsequent. The lease continues, until exercise of the landlord’s option to forfeit the lease by the use of the right of reentry, and commencing a proceeding for ejectment. (Grabino v Howard Stores Corp., 110 Misc 2d 591 [1981].) The landlord’s right to reenter is not enforceable by a summary proceeding since there is no statute that provides a summary proceeding for such a breach. (Grabino v Howard Stores Corp., supra; 2 Rasch, New York Landlord & Tenant — Summary Proceedings § 747 [2d ed].)
If a clause in a lease provides that upon the occurrence of an event the lease shall expire as if the lease by its terms had been limited to that time, then the clause is a conditional limitation. (Fowler Ct. Tenants v Young, supra.) The fact that the lease gives the landlord an option to terminate the lease by availing himself of the conditional limitation is immaterial. The element of volition is present in both a condition subsequent and a conditional limitation. However, the difference is that with a condition, the volition is to terminate the lease. In the case of a conditional limitation, the volition is to exercise the right to avail oneself of the conditional limitation. After the exercise of the right, then the lease expires regardless of any volition. (2 Rasch, New York Landlord & Tenant — Summary Proceedings § 754 [2d ed].)
In the instant case, paragraph (c) of the addendum to lease provides that "The term of the Lease shall begin on January 1, 1987 and shall continue until (1) a termination of the Lease by the Landlord in accordance with paragraph (H) of this Section, (2) a termination of the lease by the Tenant in accordance with the Lease or by mutual agreement during the term of the Lease, or (3) a termination of the Contract by the PHA.” There is no case law interpreting this clause in a section 8 housing program lease. However, this court finds *316 that the provision providing for an expiration of the lease, upon the three methods of termination stated above, is a conditional limitation and not a condition subsequent. The term of the lease is for an indefinite period of time, to expire only upon termination by 1 of the 3 parties. The court finds that the parties intended that the lease shall expire upon the occurrence of 1 of the 3 events provided for in paragraph (C) of the lease, and the lease shall expire as if the lease by its terms had been limited to that time. The court reaches this conclusion because the lease allows not only the landlord to terminate the lease upon the possible occurrence of events stated in paragraph (H) (1) and (2) of the lease, but also the tenant and the Public Housing Authority have the authority to exercise the option to deem the term of the lease expired. Generally, the courts have found a clause in the lease to be a condition subsequent where the clause provides only the landlord with the option to cancel a lease upon a tenant’s breach of a condition. The tenant has been held to have forfeited possession of the premises and the term of the lease by breach of the condition. (Grabino v Howard Stores Corp., 110 Misc 2d 591, supra; Nathan’s Famous v Frankarama, Inc., 70 Misc 2d 452 [1972].) However, in a section 8 housing lease, the tenant and the Public Housing Authority also have the option to cancel the term of the lease. If the tenant decides to exercise this option, the tenant’s option to cancel the term of the lease is not necessarily based upon a landlord’s breach of a condition for failure to perform. The cancellation of the lease does not amount to a landlord’s forfeiture of a leasehold, since possession of the premises will be returned to the landlord. Accordingly, paragraph (c) of the addendum to the lease does not provide for a condition subsequent in which the breach of a condition would amount to forfeiture of possession of the premises. Rather, the option to cancel the lease is a conditional limitation on the term of the lease. Furthermore, the fact that the language in paragraphs (C) and (H) uses the words "termination” or "terminate” does not make this a condition subsequent and not a conditional limitation. The use of the word "expire” is not vital to a conditional limitation. The words "Cancel” and "terminate” may be used. (Murray Realty Co. v Regal Shoe Co., 265 NY 332 [1934].)
In the instant case, petitioner’s "termination” of the lease, pursuant to paragraph (c) of the addendum to lease caused the *317 term of the lease to expire. The respondent tenant has remained in possession of the premises past the expiration time of the lease. Petitioner has commenced a holdover proceeding to remove respondent from the premises. The court finds that it has subject matter jurisdiction over this action pursuant to RPAPL 711 (1).