OPINION OF THE COURT
Ralph A. Beisner, J.
Petitioner moves, by order to show cause, for an order pursuant to CPLR 5240 and 3101 quashing and vacating a quantity of restraining notices which were personally served upon it by the respondent. The respondent is an attorneys’ service, and this application stems from the respondent’s activities in collection matters.
The restraining notices at issue, which are computer generated, seek to impose a restraint upon the banking institution with respect to the bank accounts, if any, of the various *257 judgment debtors. The notices contain all of the information required by CPLR 5222 (a). They are not, however, signed by a clerk of the court or an attorney for the judgment creditor as an officer of the court (CPLR 5222 [a]). Rather, the typewritten name and address of the attorney for the judgment creditor is provided, with an allegedly conformed signature of the attorney(/s/) on the signature line. Although petitioner advances several grounds in support of its application to vacate these restraining notices, it states in its reply papers that it will comply with the restraining notices if they are properly signed.
The respondents contend that the conformed signature has the same legal force and effect as an actual signature. According to respondent, it simply provides the clerical function of forwarding the restraining notices to the banking institution, acting upon an original restraining notice signed by an attorney which it retains in its files. It is respondent’s practice to take an original restraining notice signed by an attorney, conform the signature on several copies of the restraining notice, and serve these copies on banking institutions in several counties, as directed by the attorney. Thus, the original restraining notice generates several restraining notices.
The issue before this court is whether a restraining notice bearing a conformed signature, rather than the actual signature of the issuing attorney, is valid. The court holds it is not.
Pursuant to CPLR 5222 (a), a restraining notice may be issued by the clerk of the court or the attorney for the judgment creditor as officer of the court. It is apparent that respondent views a restraining notice as a mere bureaucratic step in its efforts to assist attorneys in the enforcement of judgments. It is much more than that. CPLR 5222 (a) affords an attorney the privilege of issuing a restraining notice which has the force of a mandate of the court. The disobedience of the restraining notice is punishable as a contempt of court, and this warning appears on each of the restraining notices at issue. The restraining notice is a rare example of an injunction, replete with the contempt punishment as its sanction, not embodied in a court order or judgment. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:l et seq., at 183-199.) In order to avail himself of this privilege, the attorney must sign the restraining notice. There is no legal basis for the procedures practiced by the respondent.
*258 Respondent analogizes to the service of a conformed copy of an order to show cause. Those orders, however, always provide for service of a copy of the order, and the original is filed with the court. Respondent’s files are not a matter of record and the attorney issuing a restraining order has no authority to direct that a copy of it be served.
The respondent includes a letter with the restraining notices, requesting that the bank provide the respondent with information on the depositors. This request is also improper, since it does not comply with the procedure set forth in CPLR 5224 with respect to an information subpoena. Accordingly, petitioner’s motion for an order pursuant to CPLR 5240 and 3101 quashing and vacating the restraining notices attached to the moving papers is granted.