■ POUGHKEEPSIE SAVINGS BANK, FSB, Respondent, v RS PARALEGAL & RECOVERY SERVICES, INC., Appellant.—In a proceeding pursuant to CPLR 5240 for a permanent injunction, barring the appellant from, inter alia, issuing defective, improper and unreasonably burdensome restraining notices and bringing other similar enforcement proceedings, the appeal is from an order of the Supreme Court, Dutchess County (Beisner, J.), dated April 22, 1988, which granted the petitioner's motion to quash and vacate restraining notices issued pursuant to CPLR 5222, and to quash and vacate an accompanying letter which requested information.

Ordered that the order is reversed, with costs, and the motion is denied.

We disagree with the Supreme Court which held invalid certain restraining notices issued pursuant to CPLR 5222,

which did not contain an original signature or a copy of the signature of the issuing attorney, but which contained a symbol "/S/" indicating a conformed signature. Nothing in CPLR 5222, which provides that such notices may be issued by the clerk of the court or by the attorney for the judgment creditor, requires an original signature or a copy of such signature, and we see no justification for reading this requirement into the statute *(cf.,* McKinney's Cons Laws of NY, Book 1, Statutes § 73).

We also disagree with the Supreme Court's determination that the letter accompanying the notices violated CPLR 5224, since the record shows that the letter requested and did not demand information, and therefore was not an informational subpoena served pursuant to CPLR 5224. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur. *[See,* 139 Misc 2d 256.]