*77 OPINION OF THE COURT
Memorandum.
We disagree with the District Court insofar as it applied CPLR 2103 (b) (2), which adds 5 days when service is by mail to certain prescribed periods, to the 10-day period prescribed by Emergency Tenant Protection Regulations (9 NYCRR) § 2504.1 (d) (1) for service of a notice to cure. CPLR 2103 (b) (2) applies only to “papers to be served * * * in a pending action,” and, therefore, by its terms, is inapplicable to a notice to cure, which is served before the commencement of a proceeding (Trustees of Columbia Univ. v Bruncati, 77 Misc 2d 547, affd without opn 46 AD2d 743; see, Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80). We agree with the District Court, however, insofar as it understood that the regulatory purpose was to afford a tenant the full 10 days prescribed in which to cure a breach. Because forfeitures of leaseholds are not favored, the rule in real estate matters is that notices to cure and to terminate are deemed given upon delivery, not upon mailing (see, e.g., 98 Delancey St. Corp. v Barocas, 82 NYS2d 802, 805, affd 275 App Div 651; Lewis v Clothes Shack, 67 Misc 2d 621 [App Term, 1st Dept]; Grabino v Howard Stores Corp., 110 Misc 2d 591, 593; Levine v Brillon, 117 NYS2d 388; NL Indus. v PaineWebber Inc., 720 F Supp 293, 303). Because the subject notice gave tenant only nine days from the date of the receipt of the notice in which to cure the breach, the notice was defective and could not serve as a predicate for terminating the lease.
Floyd, P. J., Doyle and Winick, JJ., concur.