■ In the Matter of ATM ONE, LLC, Appellant, v ANA LANDAVERDE, Respondent. [763 NYS2d 631] —In a holdover proceeding, the landlord ATM One, LLC, appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated October 26, 2001, which affirmed an order and judgment (one paper) of the District Court, Nassau County (Janowitz, J.), dated March 1, 2001, which granted the respondent's motion pursuant to CPLR 3211 (a) to dismiss the proceeding, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

On September 9, 2000, the respondent Ana Landaverde (hereinafter the tenant) received a notice from her landlord, the appellant ATM One, LLC (hereinafter the landlord), advising her that she had until September 18, 2000, to cure her alleged violation of the maximum occupancy provision in the parties' lease agreement. We agree with the Appellate Term (*ATM One, L.L.C. v Landaverde,* 190 Misc 2d 76 [2001]) that the intent of the governing regulation (9 NYCRR 2504.1 [d] [1]

[i] [c]) is to assure that, prior to the commencement of this type of proceeding, the tenant is afforded at least 10 days within which to cure the alleged wrongful act upon which the proceeding is based. Because the tenant in this case was afforded only nine days within which to cure, we agree with the District Court and the Appellate Term that the proceeding should be dismissed.

In accordance with the terms of 9 NYCRR 2504.1 (d) (1) (i) (c), the landlord was required to demonstrate that, prior to commencing this proceeding, it advised the tenant, in writing, of the violation of which the tenant was accused, and of the tenant's right to cure such violation on or before a "date certain." The regulation further provides that the "date certain" selected by the landlord, and set forth in the "notice to cure," may in no event be less than 10 days following the date upon which such written notice was "served" (id.).

There is no provision in the applicable regulations that specifies whether, when the notice to cure is served by ordinary mail, as is permitted in accordance with 9 NYCRR 2508.1, the service is deemed to have occurred (a) at the moment that the notice was delivered to an agent of the postal service or deposited in a receptacle under the exclusive control of the postal service, (b) at the moment that the notice was delivered to the address of the tenant as set forth on the envelope in which the notice is mailed, or (c) at the moment that the tenant personally opened the envelope and received the notice into his/her hands after its delivery to his/her address. The regulations are silent as to exactly when service of a notice to cure is considered complete when the landlord chooses to make service by ordinary mail. Contrary to the view of our dissenting colleagues, we do not believe that the "plain language" of the regulation requires the conclusion that the accomplishment of service is to be equated with the act of mailing, rather than with receipt, and we believe that to define service in terms of receipt rather than in terms of mailing is more consistent with the policies underlying the regulations.

Of course, there are various regulations and statutes that, in an assortment of different contexts, define, more precisely than do the regulations now under review in this case, when service is deemed to have been made when the service in question was carried out by mail. Most familiarly, CPLR 2103 (b) (2) states, in part, that when the service of papers during a pending action is authorized to be made by mail on an attorney for an adverse party, such service "shall be complete upon mailing." As noted by the Appellate Term in this case, CPLR 2103 (b) (2)

has no application here (*see Trustees of Columbia Univ. v Bruncati,* 77 Misc 2d 547 [1974], *affd* 46 AD2d 743 [1974]; *see also Matter of Fiedelman v New York State Dept. of Health,* 58 NY2d 80 [1983]).

While the governing regulations clearly allow service of notices to cure to be made by mail, they do not state whether, when such a method of service is employed, it is the act of mailing or receipt that constitutes the point in time at which the service is to be deemed complete. Thus, the construction of the regulations advocated by our colleagues in the dissent is not one that is imposed by the "plain meaning" of the regulations. The Appellate Term, recognizing that the regulations are to some extent ambiguous, adhered to a practical construction that had previously been applied in similar cases, and that is in accord with what is perceived to be the intent underlying the regulations (*see ATM One, L.L.C. v Landaverde,* 190 Misc 2d 76, 77 [2001], citing *98 Delancey St. Corp. v Barocas,* 82 NYS2d 802, 805 [1948], *affd* 275 App Div 651 [1949]; *Lewis v Clothes Shack,* 67 Misc 2d 621 [App Term 1971]; *Grabino v Howard Stores Corp.,* 110 Misc 2d 591, 593; *Levine v Brillon,* 117 NYS2d 388 [1952]; *NL Indus. v Paine Webber, Inc.,* 720 F Supp 293, 303 [1989]). Courts have recognized, in a variety of other contexts, that it is the date of actual receipt of a written notice by an aggrieved party, rather than the date such notice was issued, that should be regarded as critical in measuring the time within which such party has a duty to act (*see e.g. New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 165-166 [1991]; *Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834 [1983] [four month statute of limitations governing CPLR art 78 proceedings runs from when aggrieved party receives notice of determination]; *Allstate Ins. Co. v Geller,* 218 AD2d 797 [1995]; *Aetna Cas. & Sur. Co. v Cinisomo,* 197 AD2d 683 [1993]; *Matter of Allstate Ins. Co. [Metayer],* 137 AD2d 454 [1988]; *Matter of Aaacon Auto Transp. [Aluminum Prods. Distribs.],* 62 AD2d 928 [1978]; *Monarch Ins. Co. v Pollack,* 32 AD2d 819, 820 [1969] [20 day limitations period within which to commence proceeding to stay arbitration measured from date of receipt of demand to arbitrate]).

The principal advantage of the more practical construction placed on the regulation by the Appellate Term is that it avoids the possibility that, in a case involving an abnormally extended delay in the delivery of the mail, a tenant might not be told of the date within which he or she may cure a violation until after that date has actually passed, a possibility that, under the construction advocated by the dissent, cannot be excluded.

When the proper construction to be placed on a regulation or statute is open to debate, we should adopt that construction which more reliably tends to avoid "results which are absurd, unreasonable or mischievous" (*People v Dozier*, 78 NY2d 242, 250 [1991], citing McKinney's Cons Laws of NY, Book 1, Statutes §§ 141, 143, 145, 146, 148).

For the foregoing reasons, the order appealed from should be affirmed. Prudenti, P.J., Ritter, and Luciano, JJ., concur.

Feuerstein, J., dissents, and votes to reverse the order of the Appellate Term and the order and judgment of the District Court, deny the motion, and reinstate the proceeding, with the following memorandum in which Adams, J., concurs: In this case, I believe that the applicable regulations for providing a tenant in default with notice to cure are sufficiently clear on their face so as to constrain this Court to strictly apply them and not, as the majority has done here, interpret the regulations contrary to their plain meaning.

As stated in the majority decision, before commencing the present action, pursuant to 9 NYCRR 2504.1 (d) (1) (i) (c) the landlord was required to provide written notice of the default to the tenant including a date certain by which the tenant must cure the default in order to avoid an eviction. That date certain "shall be no sooner than 10 days following the date such notice was served upon the tenant" (*id.*). While the majority attempts to demonstrate that "service" may mean actual receipt of notice to cure, searching for a definition is unnecessary because 9 NYCRR 2508.1 dictates what constitutes service. That regulation states as follows: "When a notice of papers shall be deemed served * * * Notices * * * may be served personally, by mail, or electronically * * * [W]hen service * * * is made personally or by mail, a contemporaneous affidavit providing dispositive facts by the person making the service or mailing shall constitute sufficient proof of service. When service is by registered or certified mail, the stamped post office receipt shall constitute sufficient proof of service."

Accordingly, ordinary mail is an acceptable form of service of the required notice to cure. As such it must be that the date of service is the date it was mailed as evidenced by a contemporaneous affidavit of service executed by the landlord. Any other interpretation would render the provision allowing service by ordinary mail meaningless as the landlord will never be able to know when the notice is actually received. Indeed, under the majority's interpretation of the regulation, a tenant could simply deny receipt and the proceeding would have to be dismissed, regardless of a duly-executed affidavit of service.

Had the drafters of 9 NYCRR 2504 (d) (1) (i) (c) intended that receipt be the effective start of the 10-day cure period, they would have and should have used that word. It is a basic rule of construction that all parts of a statute must be given effect (*see Matter of Jude F.*, 291 AD2d 165 [2002]; *Town of Yorktown v State Bd. of Real Prop. Servs.*, 275 AD2d 789 [2000]; *Aetna Cas. & Sur. Co. v County of Nassau*, 221 AD2d 107 [1996]; McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]). Here, the majority's view will give no effect to the ordinary mailing provision of the regulation. The majority in my view has stretched the bounds of judicial restraint in this case and invaded the province of the Legislature to draft regulations by interpreting into 9 NYCRR 2504 (d) (1) (i) (c) the requirement that the tenant *receive* the notice to cure at least 10 days before the deadline to cure (*see Poughkeepsie Sav. Bank v R.S. Paralegal & Recovery Servs.*, 160 AD2d 857 [1990]; *Matter of Cozi Auto Parts v Board of Stds. & Appeals of City of N.Y.*, 155 AD2d 539 [1989]; *Mollahan v Village of Port Washington N.*, 153 AD2d 881 [1989]; McKinney's Cons Laws of NY, Book 1, Statutes § 73).

Further, the cases relied upon by the majority do not support its conclusion in this case. *98 Delancey St. Corp. v Barocas* (82 NYS2d 802 [1948], *affd* 275 App Div 651 [1949]), *Lewis v Clothes Shack* (67 Misc 2d 621 [App Term 1971]), *Grabino v Howard Stores Corp.* (110 Misc 2d 591), and *Levine v Brillon* (117 NYS2d 388 [1952]) all involve interpretation of a notice to cure provision in a commercial lease, which is clearly distinguishable from interpretation of a regulation. The remainder of the cases cited by the majority deal with statutes which either do not authorize ordinary mail as valid service, as in the situation of a petition to stay arbitration, or say nothing regarding service of a notice, as in CPLR article 78 situations. In short, if receipt of the notice to cure is to be required, the legislative body charged with the duty to draft the provision must amend the regulation, not this Court.