■ In the Matter of FOOD PARADE, INC., Doing Business as GREENFIELD SHOPRITE, Respondent, v OFFICE OF CONSUMER AFFAIRS OF COUNTY OF NASSAU et al., Appellants. [799 NYS2d 55]—

In a proceeding pursuant to CPLR article 78 to annul a determination of the Office of Consumer Affairs of the County of Nassau dated September 18, 2002, which, after a hearing, found that the petitioner had engaged in unfair trade practices and imposed a fine in the sum of $3,600, the appeal is from an order of the Supreme Court, Nassau County (Martin, J.), entered June 24, 2003, which granted the petition.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal and leave to appeal is granted (*see* CPLR 5701 [b], [c]); and it is further,

Ordered that the order is affirmed, with costs.

The petitioner, Food Parade, Inc., doing business as Greenfield Shoprite (hereinafter Shoprite), was charged by the appellant Office of Consumer Affairs of the County of Nassau (hereinafter Consumer Affairs) with violating Nassau County's Unfair Trade Practices Law (*see* Nassau County Administrative Code § 21-10.2 [L 1939, chs 272, 701-709, as amended] [hereinafter the Act]). An investigation conducted by a Consumer Affairs inspector in August 2002 revealed that Shoprite was offering 144 items for sale with the manufacturer's expiration date and/or suggested "use by" date or "best if used by" date that expired. After an administrative hearing conducted by Consumer Affairs, a Hearing Officer issued a violation disposition, finding that Shoprite had engaged in a deceptive trade practice in offering for sale, inter alia, expired over-the-counter medications, baby formula, and vitamins. The Hearing Officer reasoned that, by offering these items for sale, Shoprite "represented to consumers that these items were of good quality, when in fact they were expired and therefore of inferior quality" due to the indicated expiration of the indicated stamped "use by" dates, and imposed cumulative fines for each violation in the sum of $3,600.

Thereafter, Shoprite commenced this proceeding, asserting that Consumer Affairs was without jurisdiction in this matter

because General Business Law § 820 governed the sale of outdated over-the-counter drugs and preempted the field, and that only the Attorney General may administer and enforce such provisions (*see* General Business Law §§ 820, 821). Shoprite further maintained that no deceptive or misleading practices and/or representations were committed within the meaning of the Act because the manufacturer's suggested expiration dates were clearly marked on the product's packaging. The Supreme Court agreed with the latter contention and granted the petition. We affirm.

Local governments have broad powers to enact legislation relating to the health and welfare of its citizens (*see Monroe-Livingston Sanitary Landfill v Town of Caledonia*, 51 NY2d 679, 683 [1980]). General Business Law § 820, which governs only over-the-counter medications, does not preempt the County from regulating deceptive practices as to the sale of these or similar items. The State has not evinced its intent to preempt the field, as the legislative history indicates that no comprehensive and detailed regulatory scheme in connection with the statute was envisioned (*see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 400 [2003]; *Vatore v Commissioner of Consumer Affairs of City of N.Y.*, 83 NY2d 645, 650 [1994]). While the Attorney General is authorized to enforce the state statute, there is no indication that other agencies or bodies may not address similar transgressions violative of other legislation (*see Matter of Pathmark Stores v Office of Consumer Affairs of County of Nassau*, 1 AD3d 520, 521 [2003]). Accordingly, the County and Consumer Affairs are free to regulate the sale of these or similar items, subject to the constitutional limitations inherent in all administrative regulation.

However, due process requires that a civil statute or administrative regulation contain " 'a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of statutory terms' " (*Pringle v Wolfe*, 88 NY2d 426, 435 [1996], quoting *Foss v City of Rochester*, 65 NY2d 247, 253 [1985]). In circumstances where the proper construction of a statute or regulation is open to legitimate debate, the application of the statute or regulation must be construed against the municipality (*see Matter of Nicklin-McKay v Town of Marlborough Planning Bd.*, 14 AD3d 858 [2005]) and construed in such a way as to avoid results that are absurd, unreasonable, or mischievous (*see Matter of ATM One v Landaverde*, 307 AD2d 922, 925 [2003]).

The test for statutory vagueness is whether the language is sufficiently clear so as to inform a reasonable person of the

nature of the offense prohibited and what is required (see Matter of Patricia A., 31 NY2d 83, 86 [1972]). In the instant case, the relevant local law, inter alia, specifically proscribes as unfair or deceptive trade practices "representations that . . . goods or services are of particular standard, quality, grade, style or mode, if they are of another" (Nassau County Administrative Code § 21-10.2 [b] [1] [d]; see generally Matter of Pathmark Stores v Office of Consumer Affairs of County of Nassau, supra).

Shoprite did not misrepresent the quality of the goods. Each item was clearly marked by the manufacturer with an expiration date that was viewable by consumers and the expiration dates were not altered or concealed by Shoprite. Consumer Affairs contends that Shoprite's mere display and sale of expired items is a deceptive trade practice. However, absent a clear and unequivocal local law or regulation that defines such conduct as a deceptive practice (or otherwise proscribes such conduct), such an application is an overbroad interpretation of an otherwise unambiguous local law. That application of the local law is at variance with its clear and unambiguous meaning and therefore violates traditional principles of due process (see Pringle v Wolfe, supra at 435; see also Matter of Patricia A., supra at 86) as well as basic concepts of fairness. Accordingly, we affirm the determination of the Supreme Court granting the petition.

The appellants' remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.