■ In the Matter of STOP & SHOP SUPERMARKET COMPANIES, INC., Appellant, v OFFICE OF CONSUMER AFFAIRS OF COUNTY OF NASSAU et al., Respondents. [805 NYS2d 95]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Office of Consumer Affairs of the County of Nassau dated August 13, 2003, which, after a hearing, found that the petitioner had engaged in unfair trade practices and imposed a fine in the sum of $3,300, the appeal is from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered May 24, 2004, which, inter alia, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the determination is annulled.

The appellant, Stop & Shop Supermarket Companies, Inc. (hereinafter Stop & Shop), was charged by the respondent Office of Consumer Affairs of the County of Nassau (hereinafter Consumer Affairs), with violating Nassau County's Unfair Trade Practices Law (*see* Nassau County Administrative Code § 21-10.2 [L 1939, chs 272, 701-709, as amended]). An investigation conducted by a Consumer Affairs inspector in June 2003 revealed that Stop & Shop was offering for sale 132 items which had a manufacturer's expiration date and/or suggested "use by" date or "best if used by" date that had expired. After an administrative hearing conducted by Consumer Affairs, a hearing officer issued a violation disposition, finding that Stop & Shop had engaged in a deceptive trade practice in offering for sale the expired items. The hearing officer imposed cumulative fines for each violation in the sum of $3,300. Thereafter, Stop &

Shop commenced this proceeding seeking to review the determination of Consumer Affairs. The Supreme Court, inter alia, denied the petition and dismissed the proceeding.

As this Court held in *Matter of Food Parade, Inc. v Office of Consumer Affairs of County of Nassau* (19 AD3d 593 [2005]), Consumer Affairs' application of the local law at issue herein, Nassau County Administrative Code § 21-10.2 (b) (1) (d), "is at variance with its clear and unambiguous meaning and therefore violates traditional principles of due process . . . as well as basic concepts of fairness" (*Matter of Food Parade, Inc. v Office of Consumer Affairs of County of Nassau, supra* at 596). As in *Matter of Food Parade, Inc. v Office of Consumer Affairs of County of Nassau* (*id.*), each item was distinctly and clearly marked by the manufacturer with an expiration date that was readily and easily observable by the consumer, and the expiration dates were not altered or concealed by Stop & Shop. Stop & Shop never misrepresented the quality of the items at issue. A supermarket's mere display and sale of expired items is not a deceptive trade practice under Nassau County Administrative Code § 21-10.2 (b) (1) (d) (*supra*). Therefore, Stop & Shop's petition should have been granted and Consumer Affairs' determination should have been annulled.

Stop & Shop's remaining contentions are either without merit or need not be reached in light of our determination. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur. [*See* 3 Misc 3d 1105(A), 2004 NY Slip Op 50428(U) (2004).]