■ Guy T. Parisi et al., Appellants, v Town of Southampton, New York, Respondent. [862 NYS2d 576]—

In an action, inter alia, for a judgment declaring that the final assessment roll of the Town of Southampton for the tax year 2006-2007 is invalid, the plaintiffs appeal, as limited by

their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated January 23, 2007, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7), in effect, to dismiss the second amended complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7), in effect, to dismiss the second amended complaint for failure to state a cause of action. The plaintiffs claim that the defendant violated Real Property Tax Law § 102 (12-a) when it conducted an update of the assessments of the properties in the Town of Southampton, by failing to systematically review the assessments of the Town's commercial properties. This claim is without merit. Real Property Tax Law § 102 (12-a) merely defines the terms "reassessment," "revaluation," and "update" (*see Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review,* 3 NY3d 563, 570 [2004]; Mem in Support, Bill Jacket, L 1998, ch 319). It does not impose any requirements or mandates on a municipality's assessor.

Furthermore, in determining that the values of the commercial properties had not appreciated, the defendant examined and evaluated the petitions pursuant to article 7 of the Real Property Tax Law by the owners of commercial properties. This constituted the "systematic review" contained in the definition of "reassessment," "revaluation," and "update" set forth in Real Property Tax Law § 102 (12-a). In conducting a revaluation or update, a municipality's assessor need not reinspect and/or reappraise all of the properties in the municipality (*see Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review,* 3 NY3d at 570 n 6). In the case at bar, the Town complied with Real Property Tax Law § 305 (2), which mandates that all real property in an assessing unit be assessed at a uniform percentage of value, because the residential properties appreciated in value, while the commercial properties did not (*see Matter of Mundinger v Assessor of City of Rye,* 187 AD2d 594, 595 [1992]).

Moreover, we reject the plaintiffs' claim that in conducting an update, the Town was required to undertake a systematic review, by, in effect, reappraising all of the assessments of all of the properties located in the Town. Such a requirement would likely result in an undue administrative and financial burden on municipalities, which could create a disincentive for municipalities to conduct updates of assessments and reassess-

ments. This would constitute an unreasonable result (*see Matter of Food Parade, Inc. v Office of Consumer Affairs of County of Nassau,* 19 AD3d 593, 595 [2005], *affd* 7 NY3d 568; *Matter of ATM One v Landaverde,* 307 AD2d 922, 925 [2003], *affd* 2 NY3d 472; McKinney's Cons Laws of NY, Book 1, Statutes §§ 141, 143, 145, 146, 148). Thus, we find the plaintiffs' claim to be without merit, as the construction of Real Property Tax Law § 102 (12-a) that tends to avoid such an unreasonable result should be adopted (*see Matter of Food Parade, Inc. v Office of Consumer Affairs of County of Nassau,* 19 AD3d at 595).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Miller, Covello and Belen, JJ., concur. [*See* 14 Misc 3d 1220(A), 2007 NY Slip Op 50098(U).]