ANTON PIEKELKO and Another, Plaintiffs, *v.* LAKE VIEW
BREWING COMPANY, Defendant.

(County Court, Erie County, December, 1909.)

Joinder of causes of action — What causes of action may be joined —
    Causes of action for recovery of or injuries to property.
Jurisdiction — Jurisdiction of particular courts — County courts — Actions for ejectment and damages as incident thereto.

> A cause of action for mesne profits may be joined with a cause of action in ejectment, under section 1531 of the Code of Civil Procedure, in a court having jurisdiction of the latter, or a separate action for mesne profits may be brought.

Where the complaint in an action brought in the County Court contains the usual allegations in ejectment, includes a claim for damages under section 1351 of the Code of Civil Procedure, and demands judgment for possession of the real estate in question and for damages for withholding possession, the claim for damages is a mere incident to the action for ejectment, and a demurrer to the complaint, on the ground that the court had not jurisdiction of the action, will be sustained.

DEMURRER to complaint.

F. R. March, for plaintiffs.

Brendel, Standard & Bagot, for defendant.

TAYLOR, C. J.  The complaint presents the ordinary declaration in ejectment and includes a claim for damages under section 1531 of the Code of Civil Procedure.  The demand is for judgment for the possession of the real estate involved and for damages for withholding possession.  The defendant demurred on the ground that this being a County Court it has no jurisdiction of the subject-matter of the action.  There is no question but that this court has no jurisdiction of the action for ejectment.  Plaintiff claims, however, that, inasmuch as his claim includes proper averments and a demand for damages and this court has jurisdiction in that respect, the demurrer cannot be sustained.  At first glance there might seem to be some merit in this contention under the well recognized rule that, if it can be reasonably inferred from the averments of a pleading that the court has jurisdiction of any cause of action properly pleaded, that is all that is necessary.  However, I have become convinced that the plaintiff's contention is not correct.

A cause of action for mesne profits may be joined with a cause of action in ejectment under the Code section mentioned, in a court having jurisdiction of the latter; or the action for mesne profits may be sued separately.  Vandervoort v. Gould, 36 N. Y. 639; Livingston v. Tanner, 12 Barb. 481.

Therefore, since this demurrer specifies non-jurisdiction

of the subject of the action, generally, and does not specifically complain of the declaration in ejectment, of which the County Court has no jurisdiction, the demurrer, as I say, might at first thought seem not well taken as against the properly pleaded declaration and demand of damages for withholding the possession. However, the County Court having such jurisdiction alone as is specifically given by statute, I must find some authority for jurisdiction of either of the causes of action mentioned. Section 340 of the Code of Civil Procedure, in all its subdivisions, except No. 3, enumerates civil actions which may be sued in County Courts, ejectment not being included. Then subdivision 3 extends the jurisdiction of the County Court to "An action for any other cause where the defendant is  *  *  *  at the time of the commencement of the action, a resident of the County, and wherein the complaint demands judgment for a sum of money only not exceeding $2,000." Since this complaint does not demand judgment for a sum of money only, but demands possession of the real estate involved and incidentally demands damages for withholding such possession, and I find no other statute conferring jurisdiction, I must sustain the demurrer, with twenty-five dollars costs to the defendant, allowing the plaintiff to plead over, if he cares so to do, on payment of the said costs within twenty days after entry of judgment and notice thereof.

Demurrer sustained.