■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARVIN KAYE, Appellant.— Judgment upon defendant's plea of guilty of the crime of manslaughter in the first degree affirmed. Defendant was indicted August 26, 1965 for murder in the first degree. As a result of a telephone communication from defendant's attorney, two detectives attended the Stratford Arms Hotel at 117 West 70th Street, Manhattan, shortly after midnight on July 6, 1965 and found the deceased, a boy about 13 years of age, in the single bed of defendant's room in said hotel. Death had been caused by strangulation. The detectives immediately proceeded to Bellevue Hospital in Manhattan where defendant's attorney and his father surrendered him to the detectives, who took him in custody on a charge of homicide of the boy. Defendant, a recidivist, had been fully advised and informed by his attorney of his constitutional right against compulsory incrimination and had been expressly advised not to make any statement after his arrest to anyone. It is undisputed that defendant, while being conveyed from the hospital to the precinct located at 150 West 68th Street, Manhattan, truthfully and fully disclosed his involvement. The testimony of the detectives was to the effect that defendant, without any prompting on their part, immediately, spontaneously and compulsively, in minute detail, related the events preceding the boy's death. Defendant testified his confession was induced by veiled but not specific threats of violence. The trial court conducted a *Huntley* (15 N Y 2d 72) hearing and found defendant's said confession was voluntary and spontaneous, and not induced by any questioning or threat or fear of violence. Defendant thereafter was permitted to withdraw his plea of not guilty to the charge of murder in the first degree and allowed to plead guilty to the charge of manslaughter in the first degree. *Miranda* v. *Arizona* (384 U. S 436) does not purport to find all confessions inadmissible. *Miranda* (p. 478) proscribes confessions induced by " questioning " while in custody. Here the court found a wholly voluntary statement not the product of questioning. (*People* v. *Torres,* 21 N Y 2d 49, 54, 55.) Concur — Botein, P. J., Eager, Steuer and McNally, JJ.; Capozzoli, J., dissents in the following memorandum. I dissent and vote to reverse the judgment of conviction and to order a new trial for the reasons set forth in my dissenting opinion in *People* v. *Baker* (28 A D 2d 24, 27).

■ PIRANESI IMPORTS, INC., Respondent, v. FURNITURE TEXTILES & WALLCOVERINGS, INC., Defendant, and ERWINE LAVERNE, Appellant.— Order entered February 7, 1968, unanimously affirmed, with $30 costs and disbursements to respondent. The stock having been concededly turned over, defendant has purged himself of contempt so far as the fine of the amount of the judgment is concerned, and as to that sanction the appeal is moot. Concur — Stevens. J. P., Steuer, Tilzer, McGivern and McNally, JJ.