OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff tenant and defendant landlord entered into two leases for separate parcels of real property. Each lease contained a notice of default and termination clause which stated, in part, that, in the event the tenant defaults in its payment of rent, the landlord "may give written notice to the Tenant”, specifying the default and stating that the lease shall expire and terminate on a prescribed date which must be at least five days after the giving of the notice. The clause further provided that "upon the date specified in such notice * * * this lease and the term hereby demised and all rights of the Tenant under this Lease shall expire and terminate”. As a result of separate disputes, plaintiff, in violation of the leases, withheld partial payment of its rents. The landlord, however, did not serve notices as required by the termination clauses. When negotiations between the parties failed, plaintiff commenced the instant actions to enjoin defendant from taking any steps to declare plaintiff in violation of the leases. While the actions were pending, plaintiff paid defendant all withheld rents. We conclude that defendant’s acceptance of the rental payments prior to serving the notices of default resulted in each lease remaining in full force and effect. Thus, the Appellate Division properly granted plaintiff’s motions for injunctions and denied defendant’s cross motions for summary judgment.
The termination clauses in the leases were conditional limitations. As such they provided that if a notice of default were sent, the leases would automatically expire on the happening of a specified contingency, the arrival of the termination date fixed in the notice (see, Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1, 5; 2 Rasch, New York Landlord and Tenant §§ 23:29, 23:30 [3d ed]; 14 Carmody-Wait *1027 2d, NY Prac § 90:15). Under the particular clauses here, it is not the tenant’s conduct which, at the option of the lessor, operates on the lease to effect its termination as in some termination clauses (see, Perrotta v Western Regional OffTrack Betting Corp., supra, at 5). Rather, it is by the passage of time — the period of time specified in the termination notice —that the lease automatically comes to an end; without service of a notice specifying the date of expiration of the lease there can be no termination and the lease remains in effect (see, 2 Rasch, New York Landlord and Tenant § 23:29 [3d ed]). It is undisputed that defendant accepted all withheld rent prior to service of the termination notices and thus the rental delinquencies were remedied. Since the notices were sent at a later time when there were no outstanding rental defaults to which the notices could apply, they were ineffective.
We reject defendant’s contention that the notices were effective because the withheld rents were paid pursuant to a stipulation made before the motion court under which the parties reserved the rights being asserted in their respective motions. These reserved contentions related to the different issue being addressed by the parties — i.e., whether the tenant had been vested with an implied right to cure its defaults because of the past conduct of the parties and was, therefore, entitled to a Yellowstone injunction during which it could effect a cure (see, First Natl. Stores v Yellowstone Shopping Center, 21 NY2d 630). As noted, defendant’s acceptance of the rent resulted in the leases remaining in effect and removed any ground for implementing the conditional limitations by service of termination notices. The contested issue pertaining to the right to cure was thus rendered academic.
Finally, we reject defendant’s contention that, because the leases contained "nonwaiver” clauses, acceptance of the withheld rents did not prevent it from terminating the leases. Under the circumstances present here, acceptance of the rent waived the default.