■ In the Matter of JANET CALVI et al., Appellants-Respondents, v ROY E. KNUTSON et al., Respondents-Appellants, et al., Respondent. [600 NYS2d 804] —Mahoney, J. Appeals (1) from a judgment of the County Court of Saratoga County (James, J.), entered July 2, 1991, which, *inter alia,* in a proceeding pursuant to RPAPL article 7, awarded possession of certain real property to respondent Roy E. Knutson, and (2) from that part of an order of said court, entered August 30, 1991, which granted petitioners' motion to hold respondents Roy E. Knutson and Ronald Conlee in contempt of the prior judgment.

In 1982 respondent Roy E. Knutson leased, as tenant, commercial space on the ground floor of 384 Broadway in the City of Saratoga Springs, Saratoga County, with the intention of opening a newsstand. Insofar as is relevant, the lease, which was for an initial five-year term with two options to renew, provided that the "Tenant shall not assign this lease or any renewal lease, nor shall he sub-lease the premises without

the written consent of the Landlords. Landlords agree not to unreasonably withhold their consent." In 1987 Knutson exercised the first option to renew. During the pendency of the second five-year term petitioners took title to the property, albeit subject to the lease.

In March 1990 Knutson sought to sell the business and in connection therewith obtained petitioners' permission to sublease the commercial space to respondent Ronald Conlee. Within weeks after having purchased the business and taken possession under the sublease, Conlee informed petitioner Antonio Calvi that he too wanted to sell it and sought the latter's permission to assign or sublease the premises to the new purchaser, respondent Douglas Dockendorf. While Antonio Calvi indicated that he did not see any problem with the proposal, he refused to sign anything until his wife, petitioner Janet Calvi, reviewed the material and consented. When Conlee's attorney contacted her, however, she refused to deal with him and demanded that any request for a further assignment or sublease come from Knutson, the prime tenant.

Despite the lack of petitioners' consent, Conlee sold the business to Dockendorf and the latter took possession of the demised premises on April 23, 1990. Following unsuccessful attempts to negotiate a settlement of this dispute, petitioners ultimately declared the lease terminated for failure to comply with the sublease permission requirement and commenced this summary holdover proceeding pursuant to RPAPL article 7 to recover possession and to obtain the fair rental value of the property during the period Dockendorf was in possession. In their answer respondents specifically denied that they were holdover tenants. Following trial, County Court concluded that Dockendorf's possession was without permission and in contravention of the lease terms, awarded possession to Knutson and evicted Conlee and Dockendorf. In addition, the court denied petitioners' claims for monetary relief on the ground that the monthly rental had been paid in full as it came due.* Both petitioners on the one hand and Conlee and Dockendorf on the other filed notices of appeal from the judgment entered on this decision (hereinafter the first appeal). Thereafter, when Conlee and Dockendorf failed to comply with the judgment of eviction, petitioners moved by order to show cause to hold Knutson, Conlee and Dockendorf in contempt. County Court granted petitioners' application and Knutson, Conlee

---

* Under prior stipulation, it was agreed that petitioners could deposit rent checks received from Dockendorf without prejudice to their legal position.

and Dockendorf appealed (hereinafter the second appeal). Enforcement of the contempt order was stayed pending appeal. Dockendorf ultimately quit the property and abandoned his appeals. Conlee then abandoned his first appeal (because it was based solely upon the theory that possession should have been awarded to Dockendorf). Accordingly, petitioners are the only viable appellants on the first appeal and Knutson and Conlee the only appellants on the second appeal.

Regarding the first appeal, in our view the petition must be dismissed as the record reveals that petitioners have failed, as a matter of law, to sustain their burden of proof in a holdover proceeding. It is well established that because the summary proceeding is a remedy of statutory origin, it is available only in those situations enumerated in the statute, namely, where a tenant (1) continues in possession after expiration of the lease term, (2) fails timely to pay rent, (3) maintains an illegal business at the demised premises, (4) is adjudicated a bankrupt or insolvent, (5) fails to pay agreed upon taxes and assessments levied upon the property in certain situations, or (6) disables smoke or fire detection apparatus in certain localities (RPAPL 711).

In this case, petitioners predicate their summary proceeding upon the holdover tenant theory, reasoning that the unauthorized sublease automatically terminated the lease or gave them the right to declare a lease termination and to resort to summary removal. However, in order to maintain a summary proceeding on this basis the landlord must allege and prove that the tenancy *has expired* prior to the time the proceeding is commenced (RPAPL 711 [1]). Expiration has been construed to mean expiration by lapse of time, i.e., by natural conclusion of the lease term or by operation of a conditional limitation contained in the lease document which works an automatic termination of the tenancy upon the happening of a specified event. A termination resulting from the landlord's option to exercise his or her reserved right of reentry upon the tenant's breach of a lease covenant, because it is not an expiration by lapse of time, consistently has been recognized not to be an expiration within the meaning of RPAPL 711 (1) *(see, Beach v Nixon,* 9 NY 35; *Matter of Ranalli v Burns,* 157 AD2d 936; *Perrotta v Western Regional Off-Track Betting Corp.,* 98 AD2d 1; *Goldberg v Levine,* 199 App Div 292, 294-296; *Lamlon Dev. Corp. v Owens,* 141 Misc 2d 287; *Matter of Farone v Burns,* 27 Misc 2d 998; *see generally,* 2 Rasch, New York Landlord and Tenant—Summary Proceedings §§ 30:3-30:5, at 434-436 [3d ed]).

Because a reading of this lease establishes that the term did not expire until 1992, and a review of the default provisions reveals that petitioners are accorded only the right of reentry upon breach of a lease condition, it is evident that petitioners have failed to satisfy their burden of proving entitlement to summary relief. Their remedy was an action pursuant to RPAPL article 6 for ejectment *(see, e.g., Beach v Nixon, supra; Nathan's Famous v Frankorama, Inc.,* 70 Misc 2d 452, 455). Moreover, inasmuch as County Court does not have subject matter jurisdiction over an RPAPL article 6 action *(see,* NY Const, art VI, § 11; Judiciary Law § 190; *Piekelko v Lake View Brewing Co.,* 65 Misc 365), conversion of the summary proceeding into an ejectment action (CPLR 103 [c]) as an alternative to dismissal of the petition is not an available option.

Regarding the second appeal, while Conlee and Knutson urge numerous errors by County Court in making its findings of contempt, during pendency of the appeal the property was turned over to petitioners upon expiration of the August 9, 1992 lease term. Because the court's order stated that respondents could purge themselves of the contempt by Dockendorf's vacating the property, which obviously has occurred, this appeal is now moot *(see, Piranesi Imports v Furniture Textiles & Wallcoverings,* 31 AD2d 536).

Mikoll, J. P., Mercure and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed. Ordered that the appeal from order is dismissed, as moot, without costs.