■ SERF REALTY Co., Respondent, v BENNIGAN'S OF NEW YORK, INC., Appellant. [628 NYS2d 164] —In an action, inter alia, for a judgment declaring that the plaintiff has the right to

terminate a lease, the defendant appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 27, 1993, which denied its motion (1) for summary judgment dismissing the complaint and (2) to sever its counterclaim.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the plaintiff has no right to terminate the lease between itself and the defendant and severing the defendant's counterclaim.

In December 1983 the plaintiff leased a certain piece of property (hereinafter the property) to the defendant for construction of a restaurant and an associated parking lot. In September 1990, the State condemned a small portion of the property. As part of the condemnation procedure, the State offered the plaintiff a so-called advance payment conditioned upon the defendant signing a waiver to any right to the advance payment (hereinafter the waiver).

The defendant refused to sign the waiver when requested to do so, and instead submitted its own claim to the State for part of the condemnation award. In an order dated February 5, 1992, which was affirmed by this Court *(Serf Realty Co. v State of New York,* 205 AD2d 752), the Court of Claims held that the defendant had waived its right to make a claim against the State for a portion of the condemnation award. Thereafter, the plaintiff commenced the instant action contending that the defendant had breached the lease by its refusal to sign the waiver. The plaintiff further contended that as a result of that refusal it was entitled to terminate the lease, which had a number of years to run.

This action originally consisted of three causes of action, the first two of which were previously dismissed by the Supreme Court for failure to state a cause of action. After answering and asserting a counterclaim, the defendant moved for summary judgment to dismiss the remaining cause of action and to sever its counterclaim. The Supreme Court denied the motion in its entirety. We reverse.

Pursuant to paragraph 16 (b) of the lease between the parties, the plaintiff is required to give the defendant notice of any alleged breach of the lease and must also afford the defendant an opportunity to cure such breach. In this instance, the defendant raised as an affirmative defense, the failure of the plaintiff to provide the required notice. It was conceded that the required notice had not been given. Therefore, the plaintiff is not entitled to terminate the lease based upon the alleged breach.

In any event, the plaintiff's receipt of the entire amount of the condemnation award *(see, Serf Realty Co. v State of New York, supra)*, effectively rendered academic any breach predicated upon the defendant's failure to sign the waiver *(see, TSS-Seedman's Inc. v Elota Realty Co.,* 72 NY2d 1024, 1027). Thus, the plaintiff's action, which was predicated upon the breach, should be dismissed. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.