■ In the Matter of WATERVLIET HOUSING AUTHORITY, Respondent, v BRENDA BELL, Appellant. [694 NYS2d 484] —Peters, J. Appeal, by permission, from an order of the County Court of

Albany County (Rosen, J.), entered February 4, 1998, which, in a proceeding pursuant to RPAPL article 7, affirmed an order of the City Court of the City of Watervliet, denying respondent's motion to vacate a judgment and warrant of eviction against her.

Petitioner commenced this proceeding in City Court, pursuant to RPAPL article 7, to recover possession of an apartment from respondent, the lessee. Based upon respondent's failure to appear on the return date, a default judgment was entered against her and a warrant of eviction was issued. Respondent promptly moved, pursuant to CPLR 5015, to vacate the default judgment upon the grounds of excusable default and lack of subject matter jurisdiction. City Court denied the motion and respondent subsequently moved to vacate the judgment and warrant of eviction for good cause shown, pursuant to RPAPL 749 (3), and in the exercise of the court's inherent power to set aside a judgment in the interest of justice. City Court denied the motion.

Respondent appealed both orders to County Court. Conceding that City Court did not abuse its discretion in rejecting her excusable default claim, and abandoning her claim that City Court lacked subject matter jurisdiction of the proceeding, respondent withdrew her appeal from the order denying her CPLR 5015 motion. County Court affirmed the order denying respondent's second motion, and this Court granted respondent permission to appeal. Execution of the warrant of eviction has been stayed during the pendency of the motions and appeals.

Although respondent withdrew her appeal from the order denying her CPLR 5015 motion and no longer challenges City Court's subject matter jurisdiction, "a court's lack of subject matter jurisdiction is not waivable, but 'may be [raised] at any stage of the action, and the court may, *ex mero motu* [on its own motion], at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action'" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718, quoting *Robinson v Oceanic Steam Nav. Co.*, 112 NY 315, 324 [emphasis in original]). The incomplete allegations of the petition, read together with the lease and the notice to vacate served on respondent, demonstrate that petitioner's application to recover possession of the apartment is based upon the exercise of its right under the lease to terminate the tenancy for respondent's alleged violation of certain provisions of the lease and not upon the natural conclusion of the lease term or the operation of a

conditional limitation contained in the lease.* Such a claim is not an appropriate ground for an RPAPL article 7 proceeding but, instead, states a cause of action for ejectment which must be asserted in an action pursuant to RPAPL article 6 (*compare, Matter of Calvi v Knutson*, 195 AD2d 828, 830-831, *with Matter of Ranalli v Burns*, 157 AD2d 936, 937).

City Court is a court of limited jurisdiction (*see*, UCCA 201) and neither RPAPL article 6 nor UCCA article 2 authorizes City Court to entertain an action for ejectment. Although City Court has jurisdiction of an RPAPL article 7 proceeding (*see*, RPAPL 701), the proceeding is purely statutory and where, as here, the petition fails to allege any of the grounds specified in RPAPL 711, the court has no jurisdiction over an RPAPL article 7 summary proceeding (*see*, *Perrotta v Western Regional Off-Track Betting Corp.*, 98 AD2d 1). Accordingly, inasmuch as petitioner has stated only a claim for ejectment and City Court lacks competence to entertain an action based upon such a claim, the proceeding will be dismissed *sua sponte*. In light of our conclusion regarding the lack of subject matter jurisdiction, City Court's judgment, warrant of eviction and orders entered in this proceeding, including the order denying respondent's CPLR 5015 motion, are void and have no binding effect.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs; and petition dismissed.

---

* Although the term of the lease was one month, the lease provided for automatic renewal perpetually, subject only to termination or nonrenewal for serious or repeated violations of the provisions of the lease.