OPINION OF THE COURT
Reginald A. Boddie, J.
The decision and order on respondent’s motion to dismiss is as follows:
Petitioner commenced this summary holdover proceeding to recover possession of the first floor space located at 180 Smith Street, also known as 311 Warren Street, Brooklyn, New York, which was leased to respondent for five years beginning January 25, 2013. Respondent moves to dismiss the petition on the grounds that the petition is not based on a conditional limitation, the tenant is not objectionable as defined by RPAPL 711 (1), there has been no material breach of the lease, the alleged breach constitutes a condition subsequent over which the Civil Court lacks jurisdiction, and, in the alternative, dismissing all the claims related to insurance or lack thereof as the lease was not terminated on those grounds. Petitioner opposes the motion on the grounds that tenant materially breached the “use” clauses of paragraphs 4.01 and 15.01 of the lease by allowing others to use the premises on two occasions. Specifically, petitioner alleges that on October 18, 2013, respondent allowed a television commercial to be filmed at the premises without petitioner’s consent, and on November 10, 2013, respondent permitted a private event and art show to take place which was advertised as having an “open wine bar.”
Whether respondent prevails on this CPLR 3211 (a) (2) motion to dismiss depends on whether the breach provision contained in paragraph 15.09 of the lease constitutes a conditional limitation or a condition subsequent and whether the Civil Court has subject matter jurisdiction.
Where the express terms of a lease provide the landlord the option to terminate by serving a notice fixing a time after the lapse of which the lease will automatically expire, a conditional limitation of the leasehold exists (451 Rescue LLC v Rodriguez, 15 Misc 3d 1140[A], 2007 NY Slip Op 51062[U], *2 [Civ Ct, NY *718 County 2007], citing Fowler Ct. Tenants u Young, 119 Misc 2d 492 [Civ Ct, NY County 1983]; Miller v Levi, 44 NY 489 [1871]; Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [4th Dept 1983]; see Gabai v 130 Diamond St. LLC, 32 Misc 3d 1207[A], 2011 NY Slip Op 51207[U], *4 [Sup Ct, Kings County 2011]). In such case, the landlord may commence a summary holdover proceeding pursuant to article 7 of the RPAPL.
Alternatively, a lease creates a condition subsequent when it provides for a condition upon the breach of which the landlord may exercise his or her reserved right to declare the lease terminated and reenter the premises (451 Rescue LLC v Rodriguez, 15 Misc 3d 1140[A], 2007 NY Slip Op 51062[U] [2007], citing Beach v Nixon, 9 NY 35 [1853]; 34 NY Jur, Landlord and Tenant §§ 352, 376). It is well-settled that because such termination is not an expiration of the lease by lapse of time, it is not an expiration within the meaning of RPAPL 711 (1) (Matter of Calvi v Knutson, 195 AD2d 828, 830 [3d Dept 1993], citing Beach v Nixon, 9 NY 35 [1853], Matter of Ranalli v Burns, 157 AD2d 936 [1990], Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983], Goldberg v Levine, 199 App Div 292, 294-296 [1922], Lamlon Dev. Corp. v Owens, 141 Misc 2d 287 [1988], Matter of Farone v Burns, 27 Misc 2d 998 [1961], and 2 Rasch, New York Landlord and Tenant — Summary Proceedings §§ 30:3-30:5 at 434-436 [3d ed 1988]).
When the lease creates a condition subsequent petitioner must commence an action pursuant to article 6 of the RPAPL, which is essentially a common-law ejectment action (451 Rescue LLC v Rodriguez, 15 Misc 3d 1140[A], 2007 NY Slip Op 51062[U] [2007]). Such ejectment action must generally be commenced in Supreme Court, except the New York City Civil Court has jurisdiction of the action where the assessed valuation of the real property does not exceed $25,000 (NY City Civ Ct Act § 203 [j]; 90 NY Jur 2d, Real Property — Possessory Actions § 357).
Here, the landlord commenced this summary holdover proceeding seeking to exercise its alleged right of termination under section 15.09 of the lease which states, “Any breach of this Section 15 [Assignment, Subletting and Mortgaging] by Tenant shall constitute a material default under this Lease entitling Landlord to all rights and remedjies [sic] in respect hereto, including without limitation the right to terminate this lease.” Since the term of the subject lease, which expires in 2018, has not yet run, and the default provision in section 15 *719 provides petitioner the right of reentry upon breach of the lease, absent a right to cure, the lease creates a condition subsequent and petitioner is not entitled to summary relief under article 7 of the RPAPL (see Matter of Calvi v Knutson, 195 AD2d at 831; 451 Rescue LLC v Rodriguez, 15 Misc 3d 1140[A], 2007 NY Slip Op 51062[U] [2007]). Therefore, on these facts, the petitioner landlord must proceed in a plenary action for ejectment under article 6 of the RPAPL and cannot maintain a summary proceeding under article 7 of the RPAPL.
Moreover, because the assessed valuation of the subject property at the time this action commenced was $242,691, the article 6 action must be commenced in Supreme Court (NY City Civ Ct Act § 203 [j]; 90 NY Jur 2d, Real Property — Possessory Actions § 357). Therefore, this court does not reach the issue of conversion of the summary proceeding to an article 6 action in Civil Court (CPLR 103 [c]; Matter of Calvi, 195 AD2d at 831) or the remaining issues raised in respondent’s motion. Accordingly, the petition is dismissed without prejudice.