OPINION OF THE COURT
Reginald A. Boddie, J.
In this summary holdover proceeding, petitioner seeks possession of the premises located on the ground floor at 214 Tapscott Street, Brooklyn, New York 11212. Upon respondents’ failure to answer or appear, an inquest was held on November 6, 2014. After inquest, the court finds as follows.
Background and Procedural History
Respondent tenant Motea Hasan is in possession of the demised premises pursuant to a five-year commercial lease commenced on April 1, 2011, and scheduled to expire on March 31, 2016. On July 18, 2014, petitioner mailed a 10-day notice to cure by certified mail to respondent and his attorney. This notice alleged that respondent breached paragraph 7 of the lease which prohibits assignment of the lease without the prior written consent of the landlord and required respondent to cure by July 29, 2014. The notice further indicated that if respondent failed to timely cure, the landlord would elect to terminate the tenancy pursuant to paragraph 16 of the lease. On September 5, 2014, petitioner commenced this summary holdover proceeding on the grounds that respondent materially defaulted on the lease by abandoning the premises and either illegally sublet or licensed the premises to respondent subtenant Naji Mohammad. The court notes that at no time before service of the notice of petition and petition did petitioner serve a notice of termination.
Upon review of the lease, the court further notes the following relevant paragraphs. The term of the lease is established in paragraph 1. This paragraph indicates that the term of the lease shall end on the date the term may expire or “be terminated pursuant to any of the conditions of limitation.” Paragraph 7 (a), in relevant part, prohibits subletting or assigning the lease without the written consent of the landlord. Paragraph 16 bears the heading, “Conditions of Limitation,” *733 and indicates that the lease is granted subject to the limitations set forth in subparagraphs (a) through (h). Paragraph 16 (f) indicates that a breach of the lease, other than for the nonpayment of rent, which, upon 10 days’ written notice, the tenant does not cure constitutes a limitation under paragraph 16. Paragraph 16 (g) identifies the situation in which the lease passes to any entity other than the tenant of record, except as permitted by paragraph 7, or the tenant abandons the premises. Paragraph 16 (h), in relevant part, provides,
“in case any other lease held by Tenant from Landlord shall expire and terminate (whether or not the term thereof shall then have commenced) as a result of the default of Tenant thereunder or of the occurrence of an event as therein provided (other than by expiration of the fixed term thereof or pursuant to a cancellation or termination option therein contained), then in any of said cases Landlord may give to Tenant a notice of intention to end the Lease at the expiration of 3 days from the date of the giving of such notice, and, in the event that such notice is given, this Lease and the term and estate hereby granted (whether or not the term shall theretofore have commenced) shall expire and terminate upon the expiration of said 3 days with the same effect as if that day were the day hereinbefore set for the expiration of the term of the Lease.”
Summary Proceeding Versus Ejectment Action
Where the express terms of a lease provide the landlord the option to terminate the lease upon a breach by serving a notice fixing a time after the lapse of which the lease will automatically expire, a conditional limitation of the leasehold exists (451 Rescue LLC v Rodriguez, 15 Misc 3d 1140[A], 2007 NY Slip Op 51062[U], *2 [Civ Ct, NY County 2007], citing Fowler Ct. Tenants v Young, 119 Misc 2d 492 [Civ Ct, NY County 1983]; Miller v Levi, 44 NY 489 [1871]; Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [4th Dept 1983]; see Gabai v 130 Diamond St. LLC, 32 Misc 3d 1207[A], 2011 NY Slip Op 51207[U], *4 [Sup Ct, Kings County 2011]). In such case, the landlord may commence a summary holdover proceeding pursuant to article 7 of the RPAPL to recover possession of the premises.
Alternatively, a lease creates a condition subsequent when it provides for a condition upon the breach of which the landlord may exercise his or her reserved right to declare the lease *734 terminated and reenter the premises (451 Rescue LLC v Rodriguez, 15 Misc 3d 1140[A], 2007 NY Slip Op 51062[U], citing Beach v Nixon, 9 NY 35 [1853]; 34 NY Jur, Landlord and Tenant §§ 352, 376 [1964]). It is well-settled that because such termination is not an automatic expiration of the lease by lapse of time, it is not an expiration within the meaning of RPAPL 711 (1) (Matter of Calvi v Knutson, 195 AD2d 828, 831 [3d Dept 1993]).
When the lease creates a condition subsequent petitioner must commence an action pursuant to article 6 of the RPAPL, which is essentially a common-law ejectment action (451 Rescue LLC v Rodriguez, 15 Misc 3d 1140[A]). Such ejectment action must generally be commenced in Supreme Court, except the New York City Civil Court has jurisdiction of the action where the assessed valuation of the real property does not exceed $25,000 (NY City Civ Ct Act § 203 [j]; 90 NY Jur 2d, Real Property—Possessory Actions § 357).
Here, the landlord commenced this summary holdover proceeding to recover possession based on tenant’s alleged breach of paragraph 7 (a), which, in relevant part, prohibits subletting or assigning the lease without the written consent of the landlord. Landlord’s notice to cure dated July 10, 2014 asserted that if tenant failed to timely cure, landlord would “elect to terminate” the tenancy in accordance with paragraph 16 of the lease. Paragraph 16 (f) defines a breach as any default, other than nonpayment of rent, which the tenant fails to timely cure after service of a 10-day notice to cure. Paragraph 16 (g) precludes the transfer of the lease except as permitted in paragraph 7 upon the landlord’s consent. Read together with paragraph 1, which establishes that the term of the lease has not yet expired, and the notice to cure, in which the landlord stated that he would elect to terminate the lease upon tenant’s failure to timely cure the alleged default, the court concludes that paragraph 16 (f) and (g) of the lease create a condition subsequent and petitioner is not entitled to summary relief under article 7 of the RPAPL (see Matter of Calvi v Knutson, 195 AD2d at 831; 451 Rescue LLC v Rodriguez, 15 Misc 3d 1140[A]). On these facts, petitioner must proceed in a plenary action for ejectment under article 6 of the RPAPL.
Predicate Notice
A notice of termination is “unnecessary to maintain an ejectment action against a tenant who wrongfully holds over after expiration of a fixed and definite term” (Rudolph de Winter & *735 Larry M. Loeb, Practice Commentaries, McKinney’s Cons Laws of NY, Book 49V2, RPAPL 601, citing Hsiu v Trujillo, 192 Misc 2d 147 [Sup Ct, Bronx County 2002], explaining Aponte v Santiago, 165 Misc 2d 968 [Civ Ct, Bronx County 1995]). However, “when there exists a subsisting landlord-tenant relationship, a notice to terminate is required” (id., explaining Gerolemou v Soliz, 184 Misc 2d 579 [App Term, 2d Dept 2000]). Here, the tenants are in possession pursuant to a five-year lease, the term of which has not yet expired. Therefore, the landlord was required to serve a notice of termination as a predicate to commencing an ejectment action to recover possession of the premises. Consequently, even if the property assessed valuation is within the court’s jurisdictional limit, an ejectment action could not be maintained in this case.
Alternatively, in order to maintain this summary holdover proceeding under article 7 of the RPAPL on the ground that the unauthorized sublease automatically terminated the lease, the landlord must allege and prove that the tenancy expired prior to the time the proceeding is commenced (RPAPL 711 [1]; Matter of Calvi, 195 AD2d at 830). Even assuming paragraph 16 (h) allows the landlord to terminate the lease upon three days’ written notice, such notice must clearly, unambiguously, and unequivocally by its terms provide for the termination of the lease (Kirschenbaum v M-T-S Franchise Corp., 77 Misc 2d 1012, 1014-1015 [Civ Ct, NY County 1974]). Here, the notice to cure informed the tenant of the alleged breach and the landlord’s intention to elect to terminate the lease in the event tenant failed to timely cure. However, this notice was devoid of terms that clearly, unambiguously and unequivocally provided for the termination of the lease on a date certain. For the foregoing reasons, this summary holdover proceeding cannot be maintained.
Conclusion
Accordingly, the petition is dismissed without prejudice.