1646 Union, LLC, Respondent,
against
Walter Simpson, Appellant, et al., Undertenants.




South Brooklyn Legal Services (Sarah Telson, Regina Gennari and Logan Schiff of counsel), for appellant.
Stern & Stern, Esqs. (David Lyle Stern of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marina C. Mundy, J.), entered August 3, 2015. The order denied tenant's motion for summary judgment dismissing the petition in a holdover summary proceeding.




ORDERED that the order is modified by providing that, upon a review, pursuant to CPLR 409 (b), of the pleadings, papers and admissions, the petition is dismissed, and by further providing that the denial of tenant's motion for summary judgment dismissing the petition is on the ground of mootness; as so modified, the order is affirmed, without costs.
In this holdover proceeding based on a claim that tenant failed to execute a renewal lease (Rent Stabilization Code [RSC] [9 NYCRR] § 2524.3 [f]), tenant moved for summary judgment dismissing the petition on two grounds, one of which was that the renewal offer was invalid because the rents listed therein were above the legal regulated rent. The basis for this claim was asserted to be that the building had previously been subject to agreements between the prior owner, the New York City Housing Development Corporation (HDC) and the federal Housing and Urban Development Corporation (HUD), that had been executed in connection with a mortgage that the previous owner had obtained from HDC, which mortgage had been insured by HUD, and that, pursuant to RSC § 2521.1 (j), the last rent charged to the tenant in occupancy when those agreements had expired should have become the legal regulated rent when the [*2]agreements expired. RSC § 2521.1 (j) provides:
"For housing accommodations whose rentals were previously regulated under the PHFL, or any other State Federal law, other than the RSL or the City Rent Law, upon the termination of such regulation, the initial legal regulated rent shall be the rent charged to and paid by the tenant in occupancy on the date such regulation ends."
Landlord opposed the motion, arguing that RSC § 2521.1 (j) applies only to the setting of initial regulated rents; that, here, while the agreements had been in effect, the prior owner had been receiving J-51 tax benefits, and thus the building had already been subject to rent stabilization; that the initial regulated rents had been set many years earlier, in 1987; that the rents had been registered with the Division of Housing and Community Renewal; and that the rents set forth in the renewal offer properly reflected the legal regulated rent. In an order dated August 3, 2015, the Civil Court agreed with landlord's contentions and denied tenant's motion.
In our view, the petition should have been dismissed, albeit upon a different ground from that asserted by tenant.
Because a summary proceeding is a statutory proceeding (see RPAPL art 7), relief can be granted to a petitioner only where all the elements of the petitioner's cause of action have been made out, a requirement which is sometimes referred to as "jurisdictional" (see e.g. Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719, 721 [1987] [a nonpayment petition which did not allege compliance with the Multiple Dwelling Law's registration requirement was "jurisdictionally defective"]; Gonzalez v Peterson, 177 Misc 2d 940, 941 [App Term, 1st Dept 1998], affd sub nom. Dass-Gonzalez v Peterson, 258 AD2d 298 [1999] [the absence of a lease provision permitting termination deprives the court of "jurisdiction"]; see also Merrbill Holdings, LLC v Toscano, 59 Misc 3d 129[A], 2018 NY Slip Op 50410[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018] [in a summary proceeding, a default judgment cannot be granted upon facially insufficient papers]). Moreover, in a special proceeding, such as a summary proceeding (see RPAPL 701), the court is required to "make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" and "may make any orders permitted on a motion for summary judgment" (CPLR 409 [b]). In the instant case, a review of the pleadings and papers reveals that landlord failed to serve a notice of termination as required by RSC § 2524.2. Pursuant to that section, a landlord seeking to terminate a rent-stabilized tenancy must serve the tenant with a termination notice which shall give the tenant "notice to vacate or surrender possession" and which shall state the date when the tenant is required to surrender possession (RSC § 2524.2 [b]). Proof of compliance with such a statutory notice requirement is a necessary element of a holdover proceeding against a rent-stabilized tenant (Mautner-Glick Corp. v Glazer, 148 AD3d 515, 515-516 [2017]), and a landlord cannot be awarded possession where a valid notice of termination has not been served (see RPAPL 711 [1]; Ellivkroy Realty Corp. v HDP 86 Sponsor Corp., 162 AD2d 238, 238 [1990]; Parkview Apts. Corp. v Pryce, 58 Misc 3d 155[A], 2018 NY Slip Op 50187[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Kings Highway Realty Corp. v Riley, 35 Misc 3d 127[A], 2012 NY Slip Op 50572[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Graves v Hasan, 46 Misc 3d 731 [Civ Ct, Kings County 2014]). Here, the only notice that was served upon tenant was a default notice, which gave tenant time to cure the default and did not purport [*3]to terminate the tenancy or to state a surrender date. Thus, the petition should have been dismissed on this basis and tenant's motion denied as moot. In view of the foregoing, we do not reach the issue of whether the tenancy is protected under RSC § 2521.1 (j).
Accordingly, the order is modified by providing that, upon a review, pursuant to CPLR 409 (b), of the pleadings, papers and admissions, the petition is dismissed, and by further providing that the denial of tenant's motion for summary judgment dismissing the petition is on the ground of mootness.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 18, 2019