INHS, Inc. v Yarosh (2024 NY Slip Op 50099(U))

[*1]

INHS, Inc. v Yarosh

2024 NY Slip Op 50099(U)

Decided on February 1, 2024

City Court Of Ithaca, Tompkins County

Peacock, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 1, 2024
City Court of Ithaca, Tompkins County

INHS, Inc.; FOUNDERS WAY, LLC; and 
 CAYUGA FLATS HOUSING DEVELOPMENT FUND CORP., Petitioners

against
Brittany Yarosh, Respondent.

Docket No. LT-49686-24

Seth J. Peacock, J.

Background
This action relates to property located at 320 West Buffalo Street, Ithaca, New York, 14850. The Petitioners filed a Petition asserting a cause of action for "nuisance conduct" and objectionable conduct. Although eight "Violation of Lease Terms or Rules" notices were sent out that warned Respondent "you will receive a second notice terminating your lease agreement," there is no allegation that a termination notice was was ever actually sent.

Petitioners' Claim For Nuisance Is Not A Holdover Proceeding
"It is well established that because the summary proceeding is a remedy of statutory origin, it is available only in those situations enumerated in the statute ." Calvi v Knutson, 195 AD2d 828, 830 (3d Dep't 1993). Petitioners allege none of the situations enumerated in RPAPL § 711.
Petitioners seek to evict the tenant because she has "engaged in nuisance conduct of such a degree, severity and frequency that the landlord-tenant relationship has been severed." Petitioners cite to Frank v Park Summit Realty Corp., 175 AD2d 33, 35 (1st Dept 1991) as support for their contention. The case in Frank was commenced in Supreme Court, and does not appear to have been a summary eviction proceeding under RPAPL § 711(1). It appears to have been an ejectment action.
As this Court has stated before, an action to remove a tenant based purely on the tenant's nuisance behavior, without prior expiration of the tenancy, is not a holdover summary proceeding under RPAPL § 711(1). Dennis and Dennis v Allen, et al., City Ct, City of Ithaca, Dec. 27, 2022, Peacock, J., docket No. LT-49362-22. It is an ejectment action for common law nuisance that must be brought in Supreme Court. Chelsea 18 Partners, LP v. Sheck Yee Mak, 90 AD3d 38 (1st Dep't 2011) (finding that "the plaintiff-landlord has the right to bring an action for common-law nuisance in Supreme Court" and distinguishing such an action from actions "where nuisance is a statutorily authorized basis for eviction"); Mahon v Neely, 193 AD2d 879 (3d Dep't 1993) (property owners commenced a nuisance action in Supreme Court, as opposed to a summary proceeding in local court); Domen Holding Co. v Aranovich, 1 NY3d 117, 125 (2003). Ithaca City Court is a court of limited jurisdiction and does not have authority to hear ejectment [*2]actions. Watervliet Hous. Auth. v Bell, 262 AD2d 810, 812 (3d Dep't 1999).
Although there is substantial case law discussing statutorily authorized nuisance actions, that statutory authority is found in various regulations applicable only to rent controlled or rent stabilized homes. 9 NYCRR 2204.2(a)(2) (rent controlled homes in New York City); 9 NYCRR 2104.2(b) (rent controlled homes outside of New York City); 9 NYCRR 2524.3(b) (rent stabilized homes in New York City); 9 NYCRR 2504.2(b) (rent stabilized homes outside of New York City).
In short, absent a NYCRR provision or lease provision that provides for a nuisance eviction, there is no authority to maintain a summary proceeding for nuisance. Gonzalez v. Peterson, 177 Misc 2d 940 (App Term, 1st Dept 1998), affd 258 AD2d 298 (1st Dept 1999).

 Elements of a Holdover Proceeding
A holdover summary proceeding under RPAPL § 711 requires that the tenancy has already expired. RPAPL § 711(1). The expiration of the tenancy can, of course, happen by the natural conclusion of the lease term. This is, perhaps, the most common holdover situation. A tenancy can also end earlier, upon the happening of a specified event. Calvi, 195 AD2d at 830. In such a case, the lease automatically expires when the event happens, without the landlord electing to terminate the lease or re-enter. TSS-Seedman's, Inc. v. Elota Realty Co., 72 NY2d 1024, 1026-27 (1988). A lease provision which automatically ends the lease once the event happens, without the landlord exercising an option to terminate or re-enter, is known as a "conditional limitation." Id. With a conditional limitation, there is no need for any choice or further act to be done by the landlord.
There are three kinds of provisions which can be considered conditional limitations. Rasch's New York Landlord and Tenant § 23:26. The first kind is a provision that provides for the automatic termination of the lease once an objective contingency happens, such as the destruction of the premises by a natural disaster.
The second kind of provision that can be considered a conditional limitation contemplates an event set in motion by the landlord, such as the sale of the premises. It is important to note that in this example, it is the sale of the premises that automatically ends the lease, as opposed to the landlord's option to terminate the tenancy.
The third kind of provision that can be considered a conditional limitation contemplates an event set in motion by the tenant. There seem to be two subsets of this kind of conditional limitation. An example of the first subset is a provision that automatically terminates the lease upon the tenant's breach of a lease provision. Murray Realty Co. v. Regal Shoe Co., 265 NY 332 (1934). Here, the landlord does not exercise any option to terminate the lease; the lease is simply terminated once the tenant breaches the lease provision. But see Kramer v. Amberg, 4 N.Y.S. 613 (C.P. 1889), aff'd, 115 NY 655, 21 N.E. 1119 (1889) ("It has been the law of this state for many years that summary proceedings for the removal of a tenant will not lie where the landlord is seeking to recover possession on account of a breach by the tenant of some condition of the lease.") An example of the second subset is a lease provision that permits the landlord to give a three-day termination notice if the tenant breaches the lease. Here, it is not the breach itself that ends the lease, nor is it even the landlord's option that ends the lease. It is the lapse of time contained in a notice that automatically ends the lease. TSS-Seedman's, Inc., 72 NY2d 1024; Calvi, 195 AD2d at 830. For example, where the lease calls for a three-day termination notice, "it is by the passage of time—the period of time specified in the termination notice—that the lease automatically comes to an end; without service of a notice specifying the date of expiration [*3]of the lease there can be no termination and the lease remains in effect." TSS-Seedman's, Inc., 72 NY2d at 1027. In this example, once the landlord sends the notice containing the lapse of time, it is no longer his option that ends the lease. Instead, the lease will automatically end by the passage of the three days contained in the notice.
In contrast to the examples given above, a lease provision might give the landlord the option to re-enter the premises or terminate the tenancy if an event happens, such as the tenant's breach of the lease. In this example, the lease provision does not provide for a termination notice containing a lapse of time, such as a three-day termination notice. The landlord simply has the right to end the lease, often by sending a notice terminating the lease effective immediately. This is not a conditional limitation. It is a "condition subsequent." LLDP Realty Co., LLC v AGHR Enterprises LLC, 44 Misc 3d 716, 718 (Civ Ct, Kings County 2014). If a condition subsequent gives a landlord the option to re-enter or terminate, the lease survives the tenant's breach and continues until the landlord enforces the end of the lease by re-entry. Lyon v. Hersey, 103 NY 264, 269 (1886). "At common law the right to re-enter, except when entry can be made without force, is simply the right to maintain ejectment [proceedings]." Michaels v. Fishel, 169 NY 381, 389 (1902).
In other words, when a landlord has a mere option to terminate and/or re-enter under a condition subsequent, the lease has not ended until the premises have been surrendered or an ejectment action has happened. The landlord in that situation is not entitled to a holdover summary proceeding because the lease has not yet expired. RPAPL § 711(1) (permitting a holdover summary proceeding only when the tenant continues in possession "after expiration of his term"); Calvi, 195 AD2d at 830-31. For these reasons, a landlord who only has the option to re-enter or terminate the lease only has a cause of action for ejectment under RPAPL article 6; he cannot bring a summary proceeding under RPAPL article 7. Watervliet Hous. Auth., 262 AD2d at 811-12; but see Lonas v. Silver, 201 A.D. 383 (2d Dep't 1922) (finding that landlord's exercise of his option to terminate a lease constituted a conditional limitation, despite citing to unanimously contrary authority).

Discussion
There are two deficiencies that prevent Petitioners from bringing this case as a summary proceeding. First, as discussed above, there is no authority to maintain a summary eviction proceeding based on nuisance conduct in City Court. Second, Petitioners never sent a notice that actually terminated the lease.
To be sure, the lease contains two conditional limitations that provide for the automatic termination of the tenancy upon the happening of a specified event "without requiring any act to be done by any one." Lyon, 103 NY at 269. These provisions are found at paragraph 9(B) and paragraph 20.
Paragraph 9(B) of the lease provides for a thirty-day termination notice to be sent, but only after an initial notice to cure is first sent pursuant to paragraph 9(A). Paragraph 9(B) is valid conditional limitation. It is within the second subset of the third kind of conditional limitation: a provision that terminates the lease via lapse of time. Calvi, 195 AD2d 828. However, although eight notices to cure were sent pursuant to paragraph 9(A), no thirty-day termination notice was ever sent pursuant to paragraph 9(B).
Paragraph 20 provides for a notice that terminates the lease for any criminal or unlawful activity "which do not cease within 10 days of such notice," without any "further notice or [*4]opportunity" prior to termination of the lease. In other words, paragraph 20 provides for an automatic termination of the lease if the tenant fails to cure her breach within 10 days of the notice. This is a valid conditional limitation, because a "lease may contain a conditional limitation which permits it to be terminated if the tenant fails to cure ." Post v 120 E. End Ave. Corp., 62 NY2d 19, 27 (1984).[FN1]
This would be categorized under the first subset of the third kind of conditional limitation: a provision that terminates the lease upon the tenant's breach of a lease provision. See Murray Realty Co., 265 NY 332. However, no notice was ever sent pursuant to paragraph 20 of the lease. All eight of the notices sent to Respondent warned her that a second termination notice would follow, which means that the eight notices were sent pursuant to paragraph 9(A) and not paragraph 20.[FN2]

Although the lease includes two valid conditional limitations, none of the notices Petitioners sent to the tenant even purported to terminate the lease. The fifteen-day notices to cure were simply not termination notices.

 Conclusion
Because no termination notice was ever sent to Respondent, the lease was never terminated. Petitioners are therefore not entitled to bring a holdover summary proceeding under RPAPL § 711(1).
Petitioners might be able to pursue a nuisance ejectment action under RPAPL article 6, but this must be done in Supreme Court. "City Court is a court of limited jurisdiction (see, UCCA 201) and neither RPAPL article 6 nor UCCA article 2 authorizes City Court to entertain an action for ejectment." Watervliet Hous. Auth., 262 AD2d at 812.
The Petition is DISMISSED.
This constitutes the Decision and Order of the Court entered upon notice to both parties. A notice of appeal, if applicable, must be filed within thirty (30) days of service of this decision and order.
SO ORDERED.
Dated: February 1, 2024
Seth J. Peacock
Ithaca City Court Judge

Footnotes

Footnote 1:Note, however, that RPAPL § 753(4) imposes a thirty day stay of the issuance of a warrant if a summary proceeding is based on a breach of the lease. The tenant may cure the breach during this thirty day stay. But see RPAPL § 753(3). Regardless, this issue is academic in this case, since Petitioners are not entitled to bring a holdover proceeding.

Footnote 2:Even if a notice had been sent pursuant to paragraph 20 of the lease, Petitioners would have to allege that Respondent's criminal or unlawful activities did "not cease within 10 days of such notice" and that the lease therefore expired.