Karlsen v Hasson-McKenzie (2026 NY Slip Op 50124(U))

[*1]

Karlsen v Hasson-McKenzie

2026 NY Slip Op 50124(U)

Decided on February 4, 2026

City Court Of Ithaca, Tompkins County

Peacock, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 4, 2026
City Court of Ithaca, Tompkins County

Micaela Karlsen, MARK KARLSEN, Petitioners

againstColleen Hasson-McKenzie, Respondent.

Docket No. LT-50789-25

Seth J. Peacock, J.

BackgroundThis action relates to property located at 121 Cascadilla Ave, Apt. 1, Ithaca, New York, 14850. The Petitioners filed a Petition asserting a holdover cause of action for a lease allegedly terminated pursuant to the terms of the lease. Paragraph 4(F) of the lease states, "The Landlord may terminate the lease agreement for tenant's non-payment of rent or utility charges or for habitual late payment of these or unacceptable and/or illegal behavior. If the Landlord elects to terminate this lease, tenant(s) must vacate the premises immediately after notice" (emphasis added). A "Notice to Cure" dated October 22, 2025 was sent to Respondent, and gave Respondent ten days to cure her violations pursuant to Real Property Law § 216. Petitioners then sent a termination notice dated November 25, 2025 which purportedly terminated the lease effective immediately.
On January 22, 2026, this Court raised the issue of the lack of a conditional limitation in the lease. Counsel for Petitioners argued that the Good Cause Eviction Law creates a statutory holdover cause of action that requires no conditional limitation. The Court granted counsel an opportunity to submit a written memorandum in support of their position. On January 28, 2026, counsel submitted their memorandum.

Elements of a Holdover Proceeding
"[S]ummary landlord-tenant proceedings are 'special proceeding[s] governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction.'" Matter of Cat Hollow Estates, Inc. v Savoia, 46 AD3d 1293, 1294 (3d Dept 2007).
A holdover summary proceeding under RPAPL § 711 requires that the tenancy has already expired. RPAPL § 711(1). The expiration of the tenancy can, of course, happen by the natural conclusion of the lease term. This is, perhaps, the most common holdover situation. A tenancy can also end earlier, upon the happening of a specified event. Calvi v Knutson, 195 AD2d 828, 830 (3d Dept 1993). In such a case, the lease automatically expires when the event happens, without the landlord electing to terminate the lease or re-enter. TSS-Seedman's, Inc. v. Elota Realty Co., 72 NY2d 1024, 1026-27 (1988). A lease provision which automatically ends [*2]the lease once the event happens, without the landlord exercising an option to terminate or re-enter, is known as a "conditional limitation." Id. With a conditional limitation, there is no need for any choice or further act to be done by the landlord.
A typical conditional limitation is one that permits the landlord to give a three-day termination notice if the tenant breaches the lease. It is not the breach of the lease that ends the lease, nor is it the landlord's option that ends the lease. It is the lapse of time contained in the notice that automatically ends the lease. TSS-Seedman's, Inc., 72 NY2d 1024; Calvi, 195 AD2d at 830. For example, where the lease calls for a three-day termination notice, "it is by the passage of time—the period of time specified in the termination notice—that the lease automatically comes to an end; without service of a notice specifying the date of expiration of the lease there can be no termination and the lease remains in effect." TSS-Seedman's, Inc., 72 NY2d at 1027. Once the landlord sends the notice containing the lapse of time, it is no longer their option that ends the lease. Instead, the lease will automatically end by the passage of the three days contained in the notice.
In contrast to the example of a conditional limitation given above, a lease provision might give the landlord the option to re-enter the premises or terminate the tenancy if an event happens, such as the tenant's breach of the lease. In this example, the lease provision does not provide for a termination notice containing a lapse of time, such as a three-day termination notice. The landlord simply has the right to end the lease, often by sending a notice terminating the lease effective immediately. This is not a conditional limitation. It is a "condition subsequent." LLDP Realty Co., LLC v AGHR Enterprises LLC, 44 Misc 3d 716, 718 (Civ Ct, Kings County 2014) (citing Beach v Nixon, 9 NY 35 (1853)). If a condition subsequent gives a landlord the option to re-enter or terminate, the lease survives the tenant's breach and continues until the landlord enforces the end of the lease by re-entry. Lyon v. Hersey, 103 NY 264, 269 (1886). "At common law the right to re-enter, except when entry can be made without force, is simply the right to maintain ejectment [proceedings]." Michaels v. Fishel, 169 NY 381, 389 (1902).
In other words, when a landlord has a mere option to terminate and/or re-enter under a condition subsequent, the lease has not ended until the premises have been surrendered or an ejectment action has happened. The landlord in that situation is not entitled to a holdover summary proceeding because the lease has not yet expired. RPAPL § 711(1) (permitting a holdover summary proceeding only when the tenant continues in possession "after expiration of his term"); Calvi, 195 AD2d at 830-31. For these reasons, a landlord who only has the option to re-enter or terminate the lease only has a cause of action for ejectment under RPAPL article 6; he cannot bring a summary proceeding under RPAPL article 7. Matter of Watervliet Hous. Auth. v Bell, 262 AD2d 810, 811-12 (3d Dept 1999).

Good Cause Eviction Law
In court on January 22, 2026, Petitioners argued that the Good Cause Eviction Law creates an independent cause of action for eviction. Their argument is, essentially, that RPL § 216(1)(b) statutorily authorizes a holdover eviction if a landlord provides a ten-day notice to cure. RPL § 216(1)(b) provides,
1. No landlord shall remove a tenant from any housing accommodation covered by section two hundred fourteen of this article, or attempt such removal or exclusion from possession, notwithstanding that the tenant has no written lease or that the lease or [*3]other rental agreement has expired or otherwise terminated, except upon order of a court of competent jurisdiction entered in an appropriate judicial action or proceeding in which the petitioner or plaintiff has established one of the following grounds as good cause for removal or eviction: . . .(b) The tenant is violating a substantial obligation of their tenancy or breaching any of the landlord's rules and regulations governing said premises, other than the obligation to surrender possession, and has failed to cure such violation after written notice that the violation cease within ten days of receipt of such written notice, provided however, that the obligation of tenancy for which violation is claimed was not imposed for the purpose of circumventing the intent of this article and provided such rules or regulations are reasonable and have been accepted in writing by the tenant or made a part of the lease at the beginning of the lease term . . . .This statute creates no new cause of action for landlords. The Good Cause Eviction Law is intended to supplement existing summary eviction proceeding laws, not replace them. See, RPL § 217 ("No action shall be maintainable and no judgment of possession shall be entered for housing accommodations pursuant to section two hundred sixteen of this article, unless the landlord has complied with any and all applicable laws governing such action or proceeding . . . .") The legislature wanted to address a high rate of lease non-renewals. Sponsor Mem, 2023 NY Senate Bill S305, enacted as L 2024, ch 56, pt HH ("The New York Times reports 500 cases of tenants being thrown out of their homes less than a month after the expiration, which is double the number in all of the 20 months prior. This number is increasing every month thereafter.") Thus, the Court holds that a landlord can only establish good cause under RPL § 216 once the lease has already expired or "otherwise terminated." The good cause grounds provided in RPL § 216(1)(a)-(j) are not, in and of themselves, independent grounds for termination. See, RPL § 231-c (statutory Good Cause notice repeatedly stating, "The landlord is not renewing the lease . . . .")
Nothing in the language of RPL § 216 overturns the controlling case law pertaining to conditional limitations. Indeed, the statute appears to acknowledge that case law by mentioning leases that have "expired or otherwise terminated." RPL § 216(1). This Court interprets "or otherwise terminated" to refer to conditional limitations.
Petitioners also cite to this Court's decision in INHS, Inc. v Yarosh, 81 Misc 3d 1238(A) [Ithaca City Ct 2024]. In that decision, this Court was under the mistaken understanding that certain sections of the NYCRR affirmatively create nuisance causes of action for rent controlled and rent stabilized homes. "Put simply, a conditional limitation contains both the basis and the means by which a lease may be terminated prior to its natural expiration. The conditional limitation requirement for early termination of a lease has been held to apply without qualification in the context of rent-stabilized tenancies." 72-15 Realty Co. LLC v Marmol, 70 Misc 3d 199, 202 [Civ Ct, Queens County 2020].
RPL § 216(1) was not meant to do away with the requirement that a lease has expired or terminated. Just as a lease term must still expire before RPL § 216(1)(g) can be invoked, a conditional limitation must still exist in the lease before RPL § 216(1)(b) can be invoked. In short, this Court holds that the ten-day notice to cure in RPL § 216(1)(b) is simply an additional requirement for a holdover eviction premised on a conditional limitation; it does not supersede conditional limitations.

RPAPL § 711(1)
Petitioners make some arguments in their memorandum based on very particular interpretations of RPAPL § 711(1). RPAPL § 711(1) states,
The tenant continues in possession of any portion of the premises after the expiration of his term, without the permission of the landlord or, in a case where a new lessee is entitled to possession, without the permission of the new lessee. Acceptance of rent after commencement of the special proceeding upon this ground shall not terminate such proceeding nor effect any award of possession to the landlord or to the new lessee, as the case may be. A proceeding seeking to recover possession of real property by reason of the termination of the term fixed in the lease pursuant to a provision contained therein giving the landlord the right to terminate the time fixed for occupancy under such agreement if he deem the tenant objectionable, shall not be maintainable unless the landlord shall by competent evidence establish to the satisfaction of the court that the tenant is objectionable.Controlling Third Department case law is clear: "Expiration has been construed to mean expiration by lapse of time, i.e., by natural conclusion of the lease term or by operation of a conditional limitation contained in the lease document which works an automatic termination of the tenancy upon the happening of a specified event." Calvi, 195 AD2d at 830 (emphasis added). Thus, contrary to Petitioners' argument, the word "expire" is not used synonymously with the word "terminate" in the context of RPAPL § 711(1).Nonetheless, Petitioners interpret the last sentence of RPAPL § 711(1) to authorize a holdover proceeding whenever any lease provision (even one that is not a conditional limitation) purports to authorize the landlord to terminate the lease if he deems the tenant objectionable. The last sentence of RPAPL § 711(1), when read in its entirety, merely sets forth an additional evidentiary requirement in objectionable tenancy holdover proceedings. The landlord has the burden to present "competent evidence" that the tenant is objectionable (for example, hearsay testimony would not be sufficient). A conditional limitation is still required. See, 330 S. Third St. Hous. Dev. Fund Corp. v Albedia, 87 Misc 3d 32, 34 [App Term, 2d Dept 2025] (objectionable tenancy holdover proceeding brought pursuant to a conditional limitation in the lease). RPAPL § 711(1) does not create a stand-alone cause of action for objectionable tenants.
Petitioners also argue that neither RPAPL § 711(1) nor any other part of RPAPL Article 7 mention conditional limitations. While this is true, caselaw often supplements statutory language. The Court of Appeals and the Third Department have consistently required conditional limitations in summary holdover proceedings where the lease is terminated prematurely. TSS-Seedman's, Inc., 72 NY2d 1024; Calvi, 195 AD2d at 830. Petitioners essentially urge this Court to overturn decades of precedent from the Court of Appeals and the Third Department. This Court declines to do so. Shoback v Broome Obstetrics and Gynecology, P.C., 184 AD3d 1000, 1001 [3d Dept 2020] (discussing the doctrine of stare decisis).
The idea that, with a conditional limitation, the lease expires by "lapse of time" rather than the landlord's option is nuanced and archaic. Law is often nuanced and archaic, and lawyers exist to help laypeople navigate such legal intricacies. Regardless, this Court is bound by Court of Appeals and Third Department case law to distinguish between conditional limitations and conditions subsequent.

Conclusion
The November 25, 2025 notice was was sent pursuant to paragraph 4(F) of the lease, which contains a condition subsequent and not a conditional limitation. Therefore, the lease does not end until the premises have been surrendered or an ejectment action has happened. Lyon, 103 NY at 269; Michaels, 169 NY at 389. Without prior expiration of the lease, Petitioners are not entitled to bring a holdover summary proceeding under RPAPL § 711(1).
The Petition is DISMISSED.
This constitutes the Decision and Order of the Court entered upon notice to both parties.
SO ORDERED.
Dated: February 4, 2026Seth J. PeacockIthaca City Court Judge